UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Earl Kean & Linda Kean,<br>Individually & as H/W<br>231 Dogwood Drive<br>Elizabethtown, PA 17022 | : | |
| | : | CIVIL ACTION NO.: 09-0567 |
| Plaintiffs | : | |
| v. | : | |
| | : | Jury of Twelve (12) Jurors Demanded |
| Elizabethtown Borough<br>600 South Hanover Street<br>Elizabethtown, PA 17022 | : | |
| and | : | |
| Kenneth Henry, Police Officer,<br>Individually & in his Official Capacity<br>as a Police Officer for<br>Northwest Lancaster County Regional<br>Police Department<br>155 Merts Drive<br>Elizabethtown, PA 17022 | : | |
| and | : | |
| Charles Kraus, III, Chief of Police, Ret.,<br>Individually & in his Official Capacity<br>as the Chief of Police for<br>Northwest Lancaster County Regional<br>Police Department<br>155 Merts Drive<br>Elizabethtown, PA 17022 | : | FILED<br>MAY 1 7 2009<br>MICHAEL E. KUNZ, Clerk<br>By_____Dep. Clerk |
| and | : | |
| Michael Lyons, Sr., Police Officer,<br>Individually & in his Official Capacity<br>as a Police Officer for<br>Elizabethtown Borough Police Department,<br>600 South Hanover Street<br>Elizabethtown, PA 17022 | : | |
| and | : | |
| Gordon Berlin, Corporal, | : | |

Individually & in his Official Capacity :
as a Corporal for the :
Elizabethtown Borough Police Department, :
600 South Hanover Street :
Elizabethtown, PA 17022 :
  :
    and :
  :
West Donegal Township :
1 Municipal Drive :
Elizabethtown, PA 17022 :
  :
    and :
  :
Mount Joy Township :
159 Merts Drive :
Elizabethtown, PA 17022 :
  :
    and :
  :
John Does, 1-10 :
  :
                     Defendants :

## FIRST AMENDED CIVIL ACTION COMPLAINT

### I.   Introduction

1. Plaintiffs bring this case under the United States Constitution and its amendments, state law, and 42 USC §§ 1983.

2. Plaintiff seeks actual, statutory and punitive damages together with attorney's fees and costs, and injunctive relief.

3. Jurisdiction over this matter is conferred upon this Honorable Court by 28 USC § 1331; supplemental jurisdiction over Plaintiffs' state law claims is granted by 28 USC § 1367.

4. Venue lies in this judicial district in that the events that gave rise to this claim occurred here, or Defendants are citizens or do business here.

### II.   Parties

5. Plaintiffs, Earl and Linda Kean, are individuals and husband and wife residing at the above-captioned address.

6. Defendant, Elizabethtown Borough, is a municipality registered to transact business in the Commonwealth of Pennsylvania, with agents authorized to receive service of process at the above-listed address, and owns, operates, manages, directs and controls Elizabeth Borough Police Department.

7. Defendant, Kenneth Henry, Police Officer, at all times material, was and/or is a police officer with the Northwest Lancaster County Regional Police Department, and acted under color of state law, pursuant to either official policy, custom or practice, in both an individual and/or official capacity, and is employed at the above-listed address. This Defendant was acting in concert and conspiracy with Co-Defendants, police officers.

8. Defendant, Charles Kraus, III, Chief of Police, retired, at all times material, was and/or is a police officer with the Northwest Lancaster County Regional Police Department, and acted under color of state law, pursuant to either official policy, custom or practice, in both an individual and/or official capacity, and is employed at the above-listed address. This Defendant was acting in concert and conspiracy with Co-Defendants, police officers.

9. Defendant, Gordon Berlin, Corporal, at all times material, was and/or is a police officer with the Elizabethtown Borough Police Department, and acted under color of state law, pursuant to either official policy, custom or practice, in both an individual and/or official capacity, and is employed at the above-listed address. This Defendant was acting in concert and conspiracy with Co-Defendants, police officers.

10. Defendant, Michael Lyons, Sr., Police Officer, at all times material, was and/or is a police officer with the Elizabethtown Borough Police Department, and acted under color of

state law, pursuant to either official policy, custom or practice, in both an individual and/or official capacity, and is employed at the above-listed address. This Defendant was acting in concert and conspiracy with Co-Defendants, police officers.

11. Defendant, West Donegal Township, is a municipality registered to transact business in the Commonwealth of Pennsylvania, with agents authorized to receive service of process at the above-listed address, and owns, operates, manages, directs and controls Northwest Lancaster County Regional Police Department.

12. Defendant, Mount Joy Township, is a municipality registered to transact business in the Commonwealth of Pennsylvania, with agents authorized to receive service of process at the above-listed address, and owns, operates, manages, directs and controls Northwest Lancaster County Regional Police Department.

13. Defendants, John Does, 1-10, at all times material, are police officers, acting under color of state law, pursuant to either the official policy, custom or practice, in both an individual and/or official capacity, acting in concert and conspiracy with Co-Defendants, as well as aiding and abetting same. Defendants, John Does, 1-10, are persons, entities, or municipalities unknown at present. Defendants are incorporated without reference in each and every paragraph of this Complaint. Said Defendants are liable hereunder for the reasons set forth herein.

### III. Operative Facts

14. On or about 1979, Plaintiff, Earl Kean ("Plaintiff" or "Kean"), was a municipal police officer from 1979 and thereafter for approximately 3.5 years.

15. On or about 1982, Kean enlisted in the Pennsylvania State Police.

16. On or about 2002, Kean retired from the Pennsylvania State Police having obtained the rank of Sergeant.

17. At all times material, Kean was a citizen and resident of West Donegal Township which neighbors Mount Joy Township.

18. On or about September, 2003, Kean attended a West Donegal Township meeting as a private resident of West Donegal Township.

19. At the Township meeting, West Donegal Township proffered a vote to merge West Donegal and Mount Joy Townships' police departments into a regional authority to become known as the Northwest Regional Lancaster County Police Department ("Regional Police").

20. West Donegal Township proffered as its reason for the merger as the respective Regional Police would improve efficiency while saving money in contrast to the aforesaid separate police departments.

21. At the meeting, Kean publicly moved to postpone the vote for merger proposing an interim study as to the prospective affect of the merger.

22. Kean proffered that the true underlying reasons for the merger was not efficiency and savings but rather police officer pay increases.

23. Kean's verbal motion was denied and the vote carried.

24. Thereafter, Mount Joy Township likewise successfully voted to merge.

25. Thereafter, the West Donegal Township and Mount Joy Township Police Departments were formally merged to become the Regional Police.

26. West Donegal Township and Mount Joy Township controlled the newly formed Regional Police and were responsible for the actions of its officers and or employees.

27. After the formation of the Regional Police and due to Kean's public opposition to the force, the Regional Police began a pattern, policy, practice, and/or custom of refusing to respond to Kean's requests for police assistance and/or harassing Kean.

28. On or about August, 2004, Kean contacted the Regional Police to summon a police officer to remedy a general contractor's construction blocking Bossler Road while that contractor's employees and sub-contractors were not wearing uniforms and otherwise creating an unsafe nuisance for Kean among others.

29. Despite his multiple calls to the police, no officer arrived to remedy the situation.

30. Kean reported the situation to the Pennsylvania Department of Transportation which advised Kean to discover the name of the general contractor responsible for the construction site and then to report to it that general contractor.

31. When driving to the site to investigate as directed, the general contractor physically blocked Kean in with his vehicle so that Kean could not escape; Kean contacted the Regional Police after being unable to escape the contractor's blockade.

32. The Elizabethtown Borough Police Department responded and then, after remedying Kean's vehicle's imprisonment by the general contractor, turned the incident over to the Regional Police to more formally respond.

33. Several days later Henry responded but no police action was taken on Kean's complaint and the contractor's unlawful behavior continued unabated.

34. On or about the end of 2006, Kean discovered that the rate of the Regional Police's solved crimes ("clearance rate") had significantly dropped in comparison especially to the West Donegal Township Police Department's prior clearance rate.

35. At a West Donegal Township meeting, Kean publicly voiced his concern that the merger had failed in reducing efficiency and in saving money advising that the contrary had occurred to only the individual police officers' benefits.

36. At the meeting, Henry responded by publicly arguing with Kean over Kean's concerns.

37. Thereafter, Kean memorialized his concerns to the Regional Police Commission as well as within local newspapers.

38. On February 7, 2007, at approximately 9:00 p.m., on State Route 230 (Market Street), Henry, in Henry's police vehicle but without sirens on, followed Kean to Elizabethtown, outside of Henry's jurisdiction, and then stopped Kean.

39. Henry had no probable cause to stop Kean.

40. Upon Kean exiting his vehicle, Henry, prior to reviewing Kean's identification, yelled to Kean, "Earl, get your cards out - Borough will be here in a minute."

41. Thereafter, Lyons arrived backed up by Berlin.

42. Henry's stop constituted a seizure of Kean without jurisdiction or probable cause; Lyons and Berlin unlawfully asserted their authority to continue the seizure of Kean as the stop was claimed in their jurisdiction.

43. During Kean's detention, Lyons refused to advise Kean as to the reason for the traffic stop despite Kean's multiple requests.

44. The sole purpose of the stop was to harass Kean.

45. The traffic stop concluded without Kean being issued a traffic citation.

46. Thereafter, Kean complained to the Chief of Police of Elizabethtown Borough about the illegal traffic stop to which the Chief of Police advised that Henry, without justification, wanted to charge Kean with the crime of fleeing and eluding police officers.

47. The Elizabethtown Chief of Police advised Kean, "that Elizabethtown will not be used as a weapon for Henry."

48. On or about March 5, 2007, Kean attended a West Donegal Township meeting whereat a private citizen advised Kean that the local police officers "will do anything to prevent Kean from getting elected to West Donegal Township Supervisor."

49. Thereafter, Kean received a mailed traffic citation from Lyons citing Kean for careless driving.

50. Lyons had no probable cause for issuing the traffic citation.

51. Lyons was acting upon Elizabethtown Borough's custom, practice, and policy in conspiracy with West Donegal Township and Mount Joy Township to harass Kean.

52. When Kean advised the Chief of Police of Elizabethtown of the citation, the Chief was shocked.

53. On June 7, 2007, Kean, *pro se*, at a magisterial district justice hearing upon the citation, moved that Court to dismiss the citation, which motion was granted.

54. On or about August 23, 2007, an Elizabethtown Borough police officer advised Kean that Kean should have expected such retaliation from the police because Kean vocalized his opposition to the merger, which opposition, if successful, would have otherwise resulted in the member police officers' pay not being increased.

55. Thereafter, a state police lieutenant advised Kean that "there would be retribution for [Kean] speaking out" against the merger.

56. The comments of the police officer and state police lieutenant confirmed Kean's suspicion that West Donegal Township, Mount Joy Township, and Elizabeth Borough had enacted a policy, custom, and practice to harass Kean in retaliation for Kean's opposition to the merger.

57. The retaliation and harassment of Kean arose out of Kean's protected speech against the merger of the police departments and his continued opposition after the merger.

58. The comments of the police officer and state police lieutenant evidence a policy and/or practice of harassing and retaliating against an individual that offers political opposition.

59. Plaintiffs continue to suffer harassment, intimidation and other misconduct of Defendants indicative of retaliation resulting in Plaintiffs' damages, including fear, emotional distress, and restricted geographic travel.

### COUNT I – CIVIL RIGHTS VIOLATION(S) – 1st, 4th & 14th Amendments
### Earl Kean v. Defendants, Elizabethtown Borough, West Donegal Township, Mount Joy Township; and Henry, Kraus, Lyons and Berlin, in their official capacities

60. As a direct and proximate result of defendants' conduct, committed under color of state law, Plaintiff was deprived of his right to be free from unlawful detention, seizure, a citation issued without probable cause; retaliation in response to protected speech; to be secure in his person or property; and to due process of law.

61. At all times material, Kean did not commit any action to justify the seizure, detention, and citation.

62. Henry, Kraus, Lyons and Berlin's actions stated above, *inter alia,* were committed under color of state law and were violations of Kean's clearly establish and well settled Constitutional and other legal rights.

63. Henry, Kraus, Lyons and Berlin additionally caused Kean to suffer a malicious

and selective prosecution and denial of due process, all in violation of the First, Fourth, and Fourteenth Amendments to the United States Constitution.

64. As evidence by the events described herein, Defendants', West Donegal Township, Mount Joy Township, and Elizabeth Borough, developed and maintained policies, practices and customs exhibiting deliberate indifference to the Constitutional right of persons within the geographic and jurisdictional limits of West Donegal Township, Mount Joy Township, and Elizabeth Borough, especially individuals raising contrary political opinions, which caused violations of Plaintiff's constitutional and other rights.

65. Defendants' failed to adequately and properly supervise and train in various aspects of law enforcement, criminal prosecution procedure and substance, including, but not limited to, the nature and existence of good cause, the nature and existence of probable cause, protected political speech, and the laws of the United States, Commonwealth of Pennsylvania, and otherwise.

66. The actions and conduct of Henry, Kraus, Lyons, and Berlin were caused by the failure of the West Donegal Township, Mount Joy Township, and Elizabeth Borough, with reckless and deliberate indifference, to properly train, control or supervise these police officers with respect to their power to stop and seize an individual and power to issue citations in accordance with the United States and Pennsylvania Constitutions.

67. The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of citizens of the County of Lancaster, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

68. As a result, plaintiff suffered and continues to suffer harm, in violation of his rights under the laws and Constitution of the United States of America, in particular, *inter alia*,

the First, Fourth, and Fourteenth Amendments thereto, and Titles 42 U.S.C. §1983, and under Monell, respectively.

## COUNT II-STATE LAW CLAIMS
### Plaintiffs v. Defendants, Henry, Kraus, Lyons, and Berlin, in their individual capacities

69. Defendants are additionally liable for: (1) intentional infliction of emotional distress; (2) conspiracy/ aiding and abetting (3) malicious prosecution; (4) false imprisonment; and (5) false arrest.

## COUNT III-LOSS OF CONSORTIUM
### Linda Kean v. Defendants, Henry, Kraus, Lyons, and Berlin, in their individual capacities

70. Plaintiff, Linda Kean, is the wife of Plaintiff, Kean, and as a result of the Defendants' intentional, negligent, careless, and reckless conduct Plaintiff, Linda Kean, has lost, and/or will lose the companionship, consortium, society, and services of her husband, Earl Kean, to her great personal detriment and loss.

**Prayer for relief**

WHEREFORE, Plaintiffs demand judgment against the Defendants, individually, jointly and severally for compensatory damages in an amount in excess of $75,000.00, plus punitive damages (in excess of $250,000.00) against Defendants in their individual capacities, attorney's fees and costs, statutory, injunctive and such other relief and costs this Honorable Court deems necessary and just.

PROCHNIAK WEISBERG, P.C.

/s/ Matthew B. Weisberg
MATTHEW B. WEISBERG
Attorney for Plaintiffs