**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EARL KEAN & LINDA KEAN, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | No.  09-cv-00567 |
| | : | |
| KENNETH HENRY, *et al.,* | : | CIVIL ACTION |
| | : | |
| Defendants. | : | JURY TRIAL DEMANDED |
| | : | |

**BRIEF IN SUPPORT OF MOTION TO PARTIALLY DISMISS PLAINTIFFS'**
**AMENDED COMPLAINT FILED BY DEFENDANTS WEST DONEGAL TOWNSHIP,**
**MOUNT JOY TOWNSHIP, KENNETH HENRY AND CHARLES KRAUS, III**

**I.     STATEMENT OF FACTS**

On February 9, 2009, Plaintiffs, Earl and Linda Kean, husband and wife, filed a

Complaint against the County of Lancaster, the Northwest Lancaster County Regional Police

Department, the Elizabethtown Borough Police Department, Kenneth Henry, Charles Kraus, III,

Michael Lyons, Sr., Gordon Berlin, West Donegal Township, Mount Joy Township, and John

Does 1 – 10, wherein Plaintiffs claim that the Defendants violated their civil rights.

On April 6, 2009, the Northwest Lancaster County Regional Police Department, Kenneth

Henry, Charles Kraus, III, West Donegal Township, and Mount Joy Township filed a Motion to

Dismiss Plaintiffs' Complaint.

On May 8, 2009, Plaintiffs filed a Motion for Leave to file an Amended Complaint and to

substitute Elizabethtown Borough in place of the County of Lancaster as a party.  On May 12,

2009, the Court granted Plaintiffs' Motion.

On May 18, 2009, Plaintiffs filed an Amended Complaint.  The Amended Complaint

removed the County of Lancaster as a party, and in its place named Elizabethtown Borough.  The

Amended Complaint also no longer identifies the Northwest Lancaster County Regional Police Department as a Defendant.  However, Plaintiffs now claim that West Donegal Township and Mount Joy Township control the Regional Police and are responsible for the actions of its officers and employees.  Amended Complaint, ¶ 26.  Plaintiffs aver no facts to support this legal conclusion.

The facts and claims asserted in the Amended Complaint are generally the same as those asserted in the original Complaint, and are summarized hereinbelow.

Plaintiff, Earl Kean, claims that in September 2003, he publicly spoke out against the merger of two municipal police departments.  Amended Complaint, ¶¶ 21-23.  Despite his opposition, the merger occurred and the Northwest Lancaster County Regional Police Department (hereinafter "Northwest Regional" or "Regional Police") was formed.  Amended Complaint, ¶¶ 23-25.

Thereafter, in August 2004, Kean allegedly contacted Northwest Regional because a contractor performing construction had blocked a road.  Amended Complaint, ¶ 28.  The contractor's employees and subcontractors were allegedly not wearing uniforms, thereby creating an unsafe nuisance.  Id.  Despite his multiple calls, no officer responded.  Amended Complaint, ¶ 29.  Kean then contacted the Pennsylvania Department of Transportation who advised Kean to identify the name of the general contractor responsible for the construction and to report the situation to the general contractor.  Amended Complaint, ¶ 30.  However, when driving to the scene to investigate, the general contractor physically blocked Kean in with his vehicle so that Kean could not escape.  Amended Complaint, ¶ 31.  Kean again contacted Northwest Regional.  Id.

According to Kean, an officer from the Elizabethtown Borough Police Department responded to the scene and, thereafter, referred the matter to Northwest Regional for a formal response.  Amended Complaint, ¶ 32.  Several days later, Officer Henry responded, but no police action was taken against the general contractor, and the contractor's allegedly unlawful behavior continued unabated.  Amended Complaint, ¶ 33.

In late 2006, at a West Donegal Township meeting, Kean again spoke out against what he believed to be the failure of Northwest Regional to achieve what were the goals of the merger: increased efficiency and cost savings.   Amended Complaint, ¶¶ 34-35.  During the meeting, Kean and Officer Henry got into a verbal argument over Kean's concerns.  Amended Complaint, ¶ 36.  Thereafter, Kean memorialized his concerns to the Regional Police Commission and local newspapers.  Amended Complaint, ¶ 37.

According to Kean, on February 7, 2007, at approximately 9:00 p.m., Officer Henry, in his police vehicle but without sirens on, followed Kean to Elizabethtown Borough, a location outside of Henry's jurisdiction.  Amended Complaint, ¶ 38.  Once in Elizabethtown, Kean claims that Officer Henry stopped him, without probable cause.  Amended Complaint, ¶¶ 38-39.

Upon exiting his vehicle, Kean claims that Officer Henry yelled to him, "Earl, get your cards out – Borough will be here in a minute."  Amended Complaint, ¶ 40.  Thereafter, Elizabethtown Borough Police Officer Michael Lyons arrived, backed up by Corporal Gordon Berlin.  Amended Complaint, ¶¶ 9, 10, 41.

Kean alleges that Officer Lyons refused to advise Kean as to the reason for the stop. Amended Complaint, ¶ 43.  The traffic stop concluded and Kean was not issued a traffic citation at that time.  Amended Complaint, ¶ 45.  Kean claims that the sole purpose of the traffic stop was to harass Kean.  Amended Complaint, ¶ 44.

Thereafter, Kean allegedly complained to the Chief of Police of Elizabethtown Borough about the traffic stop and the Chief advised Kean that "Elizabethtown will not be used as a weapon for Henry."  Amended Complaint, ¶ 47.  The Chief also allegedly informed Kean that Officer Henry, without justification, wanted to charge Kean with the crime of fleeing and eluding police officers.  Amended Complaint, ¶ 46.

On March 5, 2007, Kean attended a West Donegal Township meeting whereat a private citizen advised Kean that the local police officers "will do anything to prevent Kean from getting elected to West Donegal Township Supervisor."  Amended Complaint, ¶ 48.  Thereafter, Kean received a traffic citation for careless driving from Elizabethtown Borough Police Officer Michael Lyons.  Amended Complaint, ¶ 49.  Kean claims the traffic citation was issued without probable cause.  Amended Complaint, ¶ 50.

On June 7, 2007, in a hearing before a local Magisterial District Judge, the Court granted Kean's Motion to Dismiss the careless driving citation.  Amended Complaint, ¶ 53.

On August 23, 2007, an Elizabethtown Borough police officer advised Kean that he should have expected retaliation for speaking out against the merger of the police departments.  Amended Complaint, ¶ 54.  Thereafter, a state police lieutenant advised Kean that "there would be retribution for [Kean] speaking out" against the merger.  Amended Complaint, ¶ 55.

Plaintiffs claim that the foregoing evidences "a policy and/or practice of harassing and retaliating against an individual that offers political opposition."  Amended Complaint, ¶ 58.  Plaintiffs believe that the Officer Lyons was "acting upon Elizabethtown Borough's custom, practice, and policy in conspiracy with West Donegal Township and Mount Joy Township to harass Kean."  Amended Complaint, ¶ 51.  Plaintiffs also aver that Northwest Regional began a pattern, policy, practice, and/or custom of refusing to respond to Kean's request for police

assistance and/or harassing Kean.   Amended Complaint, ¶ 27.   According to Plaintiffs, West Donegal Township and Mount Joy Township control Northwest Regional and are responsible for the actions of its officers and/or employees.  Amended Complaint, ¶ 26.

Plaintiffs assert the following claims against Kenneth Henry, Charles Kraus, West Donegal Township and Mount Joy Township (the "Moving Defendants"): First, Fourth, and Fourteenth Amendment claims against West Donegal Township and Mount Joy Township, as well as Kenneth Henry and Charles Kraus in their official capacities only (Count I); <u>Monell</u> claims against West Donegal Township and Mount Joy Township (Count I); state tort claims of (a) intentional infliction of emotional distress, (b) conspiracy/aiding and abetting, (c) malicious prosecution, (d) false imprisonment, and (e) false arrest, against Henry and Kraus in their individual capacities only (Count II); and a loss of consortium claim against Henry and Kraus in their individual capacities only (Count III).

West Donegal Township, Mount Joy Township, Kenneth Henry, and Charles Kraus, III (the "Moving Defendants") seek dismissal of all claims, save the First and Fourth Amendment claim against Officer Henry, in his personal capacity, wherein it is alleged that his traffic stop of Earl Kean was made without probable cause and in retaliation for Kean's protected conduct.

## II.   STANDARD OF REVIEW

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b) is to test the legal sufficiency of the Amended Complaint.  <u>Sturm v. Clark</u>, 835 F.2d 1009, 1011 (3rd Cir. 1987).  A motion to dismiss for failure to state a claim may be granted if, after accepting all well-pleaded facts in the Amended Complaint as true, and viewing them in the light most favorable to the non-moving party, plaintiff is not entitled to relief.  <u>Maio v. Aetna, Inc., et al.</u>, 221 F.3d 472, 482 (3rd Cir. 2000).  However, the court need not accept plaintiff's "unsupported conclusions and

unwarranted inferences" as true.  Id. at 485, n. 12.  Dismissal of a complaint is appropriate if, accepting as true all of the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp v. Twombly, 127 S.Ct. 1955 (U.S. 2007).  The prior, oft-recited standard from Conley v Gibson, 355 U.S. 41, 45-6 (1957) that "dismissal for failure to state a claim is appropriate when it is clear that the plaintiff can prove no set of facts in support of the claim which he could entitle him to relief" was abrogated by the Supreme's Court recent decision in Twombly.   Id. at 1969 (describing the Conley decision's "no set of facts" language as having "earned its retirement" and being "best forgotten as an incomplete, negative gloss" on federal pleading standards).

As a result of the Twombly decision, a plaintiff must have "nudged his claim across the line from conceivable to plausible; or his complaint must be dismissed."  Id.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation [under Rule 8(a)(2)] to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and the formulaic recitation of the elements of a cause of action will not do."  Id. at 1964-65 (citations omitted).  To survive a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that the allegations in the complaint are true (even if doubtful in fact.)."  Id. at 1965.

## III.   LEGAL ARGUMENT

### A.   Plaintiffs Have Failed to State a Valid Cause of Action For Municipal Liability Pursuant to Monell Because They Do Not Aver That a Specific Policy, Custom, or Tradition of the Municipality Caused a Deprivation of Plaintiffs' Civil Rights.

Pursuant to 42 U.S.C. § 1983, municipalities cannot be held liable under the theory of respondeat superior; municipal liability only arises when a constitutional deprivation results from

an official policy or custom.  <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 691-94 (1978).  There must be a direct causal link between a municipal policy or custom and the alleged constitutional depravation.  <u>Brown v. Muhlenberg Township</u>, 269 F.3d 205, 214-15 (3rd Cir. 2001).  An official policy or custom can be established through official adoption of a policy statement, ordinance, regulation, or decision by the body of officers or, even if such a custom did not receive formal approval, it can be established if the custom or usage "has the force of law by virtue of the persistent practices of government officials."  <u>Id</u>.

A plaintiff *must* identify the challenged policy, attribute it to the municipality itself, and show a causal link between the execution of the policy and injuries suffered.  <u>Sterner v. Township of Tunkhannock</u>, 2006 WL 1004829, *16 (M.D.Pa. April 18, 2006), *citing* <u>Losch v. Borough of Parkesburg</u>, 736 F.2d 903, 910 (3rd Cir. 1984).  A plaintiff must do more than show the defendant could have averted her injury and failed to do so.  <u>Id</u>.  In order to establish liability, a plaintiff must demonstrate *both* (1) that the defendant's policy, practice, or custom played an affirmative role in bringing about the harm *and* (2) that the defendant acted with deliberate indifference to that harm.  <u>Id</u>.

A municipality can only be liable under Section 1983 if *it* caused the violation of plaintiff's rights.  <u>Id</u>.  at *17.  A municipality *cannot* be responsible for damages solely because of the actions of its officials.  <u>Id</u>.  It can only be liable where the municipality itself caused the constitutional violation at issue.  <u>Id</u>.  A court *must* view claims of municipal liability *independently* of the Section 1983 claims against the individual defendants.  <u>Id</u>., *citing* <u>Kniepp v. Tedder</u>, 95 F.3d 1199, 1213 (3rd Cir. 1996).

In the case at bar, Plaintiffs "operative facts" section of the Amended Complaint contains nothing more than mere conclusory allegations that:

- "the Regional Police began a pattern, policy, practice, and/or custom of refusing to respond to Kean's requests for police assistance and/or harassing Kean." Amended Complaint, ¶ 27.

- "[t]he comments of the police officer and state police lieutenant confirmed Kean's suspicion that West Donegal Township [and] Mount Joy Township….had enacted a policy, custom, and practice to harass Kean in retaliation for Kean's opposition to the merger." Amended Complaint, ¶ 56.

- "a policy and/or practice of harassing and retaliating against an individual that offers political opposition." Amended Complaint, ¶ 58.

- "Lyons was acting upon Elizabethtown Borough's custom, practice, and policy in conspiracy with West Donegal Township and Mount Joy Township to harass Kean." Amended Complaint, ¶ 51.  It is not averred that Lyons was an agent of Mount Joy Township or West Donegal Township, or employed by the Regional Police.

Likewise, Count I of the Amended Complaint, which asserts the civil rights claims against West Donegal Township and Mount Joy Township, contains nothing more than mere legal conclusions:

- West Donegal Township and Mount Joy Township developed and maintained policies, practices and customs exhibiting deliberate indifference to the Constitutional rights of persons within their jurisdictions, especially individuals raising contrary political opinions.  Amended Complaint, ¶ 64.  The "policies, practices and customs" that allegedly exhibit deliberate indifference are undefined.

- "Defendants failed to adequately and properly supervise and train, in various aspects of law enforcement, [including] criminal prosecution procedure and substance, including, but not limited to, the nature and existence of probable cause, protected political speech, and the laws of the United States, Commonwealth of Pennsylvania, and otherwise." Amended Complaint, ¶ 65.

- The actions of Henry and Kraus were caused by the failure of West Donegal Township and Mount Joy Township to properly train, control or supervise these police officers with respect to their power to stop and seize an individual, and power to issue citations in accordance with the law. Amended Complaint, ¶ 66.

The foregoing allegations lack the requisite specificity to state a valid cause of action against the municipal defendants pursuant to Monell, especially in light of the new Twombly standard.

The holding in Sterner, *supra*, is particularly instructive.   The plaintiff in that case, a township secretary/treasurer, brought a First and Fourteenth Amendment retaliation claim against two elected members of the Board of Supervisors, in their individual capacity, and a Monell claim against the municipality on grounds that her termination was retaliatory for her support of defendants' political opponents in a municipal election. Id. *3-4.  The Court held that Plaintiff's claim against the individual elected officials was valid, but that no liability could lie against the municipality itself in the absence of a policy or custom that might constitute "deliberate indifference" to the plaintiff's rights.  Id. at *15-17.  The Court dismissed the claim against the municipality on grounds that a municipality could not be vicariously liable for the actions of its individual elected officials.  Id.

Moreover, the Court's "plausibility standard" in <u>Twombly</u> requires a party to "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." <u>O'Malley v. Lukowich</u>, 2008 WL 4861477, Civ. Act. No. 08-0680 (M.D. Pa. Nov. 7, 2008). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949-50 (2009), *quoting* <u>Twombly</u>. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " <u>Id</u>. "Although for the purposes of a motion to dismiss [the Court] must take all of the factual allegations in the complaint as true, [it is] not bound to accept as true a legal conclusion couched as a factual allegation." <u>Id</u>.

In <u>O'Malley</u>, plaintiff alleged that he "made Borough of Avoca aware" of defendant's improper conduct and that the Borough gave defendant "free reign." However, plaintiff failed to allege when, where, or who plaintiff had "made aware" of the conduct, or what the Borough gave defendant "free reign" to do. <u>O'Malley</u> at *4. The Court held that, to be "plausible," plaintiff's allegations of the municipality's acquiescence *require more specific facts*. <u>Id</u>.

As in <u>O'Malley</u>, Plaintiffs in the case at bar assert municipal liability claims against Mount Joy Township and West Donegal Township. However, the Amended Complaint is devoid of any *factual* allegations that the municipal policymakers were made *aware* of the allegedly improper conduct of any employee.

Plaintiffs fail to aver the specific facts that <u>Twombly</u> now requires. Plaintiffs do not aver that the conduct complained about constituted "official action" of the municipality so as to create municipal liability (and not merely liability through respondeat superior). Moreover, to the extent Plaintiffs attempt to impute liability to Mount Joy Township and West Donegal Township based upon the actions of police officers *employed by Northwest Regional*, a separate legal

entity, the claim must be dismissed because the only allegation to support such a link is the legal conclusion contained in Paragraph 26 of the Amended Complaint.[1]  The Court is not bound to accept such a legal conclusion as true in light of <u>Twombly</u>, <u>Ashcroft</u>, and their progeny. Accordingly, this claim must be dismissed as a matter of law.

### (a)  No Official Action/Custom Averred.

Like the plaintiff in <u>Sterner</u>, Plaintiff broadly asserts conclusory allegations that Mount Joy Township and West Donegal Township have adopted policies, practices and customs of engaging in retaliatory actions and harassment of individuals who offer contrary political opinions.  Amended Complaint, ¶¶ 56, 58, 64.  However, the only *factual* averment made by Plaintiffs that could arguably support this claim is the allegations that (1) Northwest Regional (allegedly controlled by Mount Joy Township and West Donegal Township) failed to timely and properly respond to a request for assistance with regard to Kean's dispute with the general contractor; (2) at a West Donegal Township meeting Officer Henry got into a verbal argument with Kean; and (3) Officer Henry effected a traffic stop of Kean without probable cause.

---

[1]     In fact, this legal conclusion is wrong as a matter of law.  A regional police commission, established pursuant to the Intergovernmental Cooperation Law, 53 Pa.C.S. § 2301, *et seq.,* is a separate legal entity.  Moving Defendants attach the Articles of Agreement of Northwest Regional (a public record).

The Articles establish Northwest Regional as an "independent, non-profit, unincorporated association" (Section 6.4) whose police officers and civilian personnel are considered employees of the Commission and report directly to the Northwest Regional Police Chief, *not* the member municipalities (Section 6.3).  *See* Exhibit 1.  ("[A] court may properly refer to the factual allegations contained in the complaint, exhibits attached thereto, documents referenced therein, matters of public record, and undisputedly authentic documents attached as exhibits to the defendant's motion to dismiss if the plaintiffs' claims are based on those documents." <u>Downing Properties Assoc. v. McDonalds Corp.</u>, 1998 WL 288420, Civ. Act. No. 98-cv-506, *2 (E.D. Pa. June 3, 1998), *quoting* <u>Pension Benefit Guaranty Corp. v. White Consolidated Indus., Inc.</u>, 998 F.2d 1192, 1196 (3rd Cir. 1993).).

There is *no* allegation that the policymakers of either municipality took "official action" so as to create an unlawful policy, practice, or custom.

### (b)  No Final Policy-Maker Is Averred.

In the alternative, municipal liability may attach if the agent whose conduct is at issue has final policy-making authority, rendering his behavior an act of government policy.  McGreevy v. Stroup, 413 F.3d 359, 367 (3rd Cir.2005), *citing* Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986).

It is not alleged that Kenneth Henry had final policymaking authority for Mount Joy Township or West Donegal Township.  To properly plead a municipality liability claim, Plaintiffs are required to aver that the governing body, or a policymaker with authority to enact policy, either acquiesced or condoned the alleged conduct of Henry.  No such allegation has been made by Plaintiffs.

### (c)  No Ratification Is Averred.

A municipality may also be liable for the actions of its agent when an official with policy-making authority has ratified the unconstitutional actions of the subordinate, rendering the action official.  McGreevy, 413 F.3d at 367, *citing* City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988).  Where a subordinate allegedly engages in unconstitutional conduct, the municipality may be liable if it either acquiesced in the conduct or delegated authority to the subordinate. Andrews v. City of Phila., 895 F.2d 1469, 1481 (3rd Cir. 1990).

To survive a motion to dismiss on an allegation of acquiescence by the municipality, a plaintiff *must allege* at least (1) the responsible parties, (2) the conduct, (3) the time, and (4) the place.  O'Malley, *supra*; *see also* Evancho v. Fisher, 423 F.3d 347, 353 (3rd Cir. 2005) (requiring

allegations to show knowledge and acquiescence in the context of an individual government defendant in a civil rights case).

In light of the standard enunciated in Twombly and its progeny, all municipal liability claims asserted against Mount Joy and West Donegal must be dismissed since Plaintiff has failed to allege ratification through acquiescence or condonation by a policymaker.

### B. Plaintiffs Have Failed to State a Valid Cause of Action for the Failure to Train or Supervise.

Count I of the Amended Complaint also contains a municipal liability claim on grounds that Mount Joy Township and West Donegal Township failed to properly train and supervise their employees.  Amended Complaint, ¶¶ 65-66.

Where municipal liability is predicated on a failure to train, a plaintiff must show that the failure amounts to "deliberate indifference" to the rights of persons with whom those employes will come into contact.  Morgan v. Covington Township, 2009 WL 585480, Civ. Act. No. 07-1972 (M.D. Pa. March 6, 2009), *citing* Carter v. City of Philadelphia, 181 F.3d 339, 357 (3rd Cir. 1999).

In order for a municipality's failure to train or supervise to amount to "deliberate indifference," it must be shown that (1) municipal policymakers knew that employees would confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights.  Carter, 181 F.3d at 357, *citing* Walker v. City of New York, 974 F.2d 293, 297-98 (2nd Cir. 1992).

Here, Plaintiffs do not aver that municipal policymakers of either Mount Joy Township or West Donegal Township knew that the townships would confront a particular situation. Plaintiffs do not aver the existence of a history of unconstitutional conduct by police officers of

these municipalities (i.e., history of effecting traffic stops without probable cause).  The Court in Twombly requires Plaintiffs to aver more than a conclusory allegation that a lack of training or supervision led to their alleged constitutional deprivation.   Without such specific factual averments, the Amended Complaint fails to state a valid cause of action.

### C. Plaintiffs Have Failed to State a Valid Cause of Action for Malicious Prosecution Pursuant to the Fourth Amendment Because They Do Not Aver that Officer Henry or Chief Kraus Issued a Citation or Prosecuted Kean.

A claim of malicious prosecution requires a plaintiff to prove that: (1) the defendants initiated a criminal proceeding, (2) the criminal proceeding ended in plaintiff's favor, (3) the proceeding was initiated without probable cause, (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice, and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.  Estate of Smith v. Marasco, 318 F.3d 497, 521 (3rd Cir. 2003); see also Marable v. West Pottsgrove Twp., 176 F. App'x 275, 280-81 (3rd Cir. 2006).

The decision to prosecute and what charges to bring generally rests with the prosecutor. Abraham v. Danberg, 2008 WL 2950994 (D.Del. July 31, 2008), citing United States v. Batchelder, 442 U.S. 114, 124 (1979); Retzler v. Bristol Borough, et al., 2009 WL 595595, Civ. Act. No. 08-3245 (E.D. Pa. March 6, 2009).

Here, Plaintiffs do not allege that Officer Henry or Chief Kraus initiated a prosecution Earl Kean.  Rather, they specifically aver that the citation was issued by Officer Michael Lyons, of the Elizabethtown Police Department.  Likewise, there is no allegation that any police officer from Northwest Regional, Mount Joy Township or West Donegal Township "prosecuted" Plaintiffs.

Accordingly, the Amended Complaint fails to state a valid Fourth Amendment malicious prosecution claim against any of the Moving Defendants.  Therefore, the claim should be dismissed as a matter of law.

**D.   Plaintiffs Have Failed to State a Valid Cause of Action Pursuant to the First Amendment.**

To state a valid claim under the First Amendment, a plaintiff must aver that (1) he engaged in protected activity, (2) that defendant's retaliatory action was sufficient to deter a person of ordinary firmness from exercising his rights, and (3) that there was a causal connection between the protected activity and the retaliatory action.  Thomas v. Independence Township, 463 F.3d 285, 296 (3rd Cir. 2006).  The First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out. Hartman v. Moore, 547 U.S. 250, 256 (2006).

The critical question is whether the retaliatory act would be likely to "deter a person of ordinary firmness" from exercising his or her First Amendment rights.  Schneck v. Saucon Valley School District, 340 F. Supp. 558 (E.D. Pa. 2004).  The nature of the retaliatory acts must be more than *de minimus* or trivial to state a valid First Amendment retaliation claim.  Brennan v. Norton, 350 F.3d 399, 419 (3rd Cir. 2003).

**1.   Plaintiffs Fail To State a Valid Cause of Action Under the First Amendment on the Basis that the Issuance of a Traffic Citation Was Unlawful.**

To the extent Plaintiffs claim that the *issuance of a traffic citation* was retaliatory, they fail to state a valid cause of action against any of the Moving Defendants since they aver that the citation was issued by Officer Michael Lyons, *of the Elizabethtown Police Department*.

Accordingly, the Amended Complaint fails to state a valid First Amendment retaliation on the basis of the issuance of a traffic citation since Plaintiffs do not aver that any of the

Moving Defendants issued the traffic citation.  Therefore, this portion of the First Amendment claim should be dismissed as a matter of law.

> **2.      Plaintiffs Fail to State a Valid Cause of Action Under the First Amendment on the Basis that the Failure of Northwest Lancaster County Regional Police Department to Respond Was Unlawful.**

To the extent Plaintiffs claim that Northwest Regional failed to respond to Mr. Kean's request for assistance with regard to the general contractor blocking the road, and Officer Henry's alleged failure to criminally charge the contractor in August 2004, the claim falls well beyond the two-year statute of limitations.[2]

Even if the claim was timely filed, Plaintiffs lack any constitutional protection since a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.  Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); *see also* Retzler v. Bristol Borough, et al., 2009 WL 595595, Civ. Act. No. 08-3245 (E.D. Pa. March 6, 2009).   The decision to prosecute and what charges to bring generally rests with the prosecutor.  Abraham v. Danberg, 2008 WL 2950994 (D.Del. July 31, 2008), *citing* United States v. Batchelder, 442 U.S. 114, 124 (1979); Retzler, *supra*.  A plaintiff has no legal right to compel prosecution.  Banks v. United States Attorney, 2008 WL 3853307 (M.D. Pa. August 15, 2008), *reconsideration denied*, Banks v. United States Attorney, 2008 WL 4533680 ((M.D. Pa. October 6, 2008); Retzler, *supra*.

Accordingly, the Amended Complaint fails to state a valid cause of action  against any of the Moving Defendants with regard to this portion of the First Amendment claim.  Therefore, this portion of the claim should be dismissed as a matter of law.

---

[2]      The applicable statute of limitations for a Section 1983 claim alleging due process violations is two years.  Cowell v. Palmer Twp., 263 F.3d 286, 291 (3rd Cir. 2001); *see also* de Botton v. Marple Twp., 689 F.Supp. 477, 480 (E.D.Pa. 1988).

**3.    Plaintiffs Fail to State a Valid Cause of Action Under the First Amendment on the Basis that Officer Henry Allegedly Engaged in a Verbal Argument With Earl Kean.**

To the extent Plaintiffs premise their First Amendment claim upon a "verbal argument" between Officer Henry and Earl Kean had in late 2006, such a claim is not actionable.

It is well settled that a mere verbal argument is *de minimis* and would not deter a person of ordinary firmness from speaking out on matters of public concern.  *See*  Brennan v. Norton, 350 F.3d 399 (3rd Cir. 2003).

Moreover, the two-year statute of limitations precludes Plaintiffs from seeking relief for this event, since Plaintiffs claim the argument occurred in late 2006 and the original Complaint was not filed until February 9, 2009.

Accordingly, the Amended Complaint fails to state a valid First Amendment retaliation claim against any of the Moving Defendants with regard to the foregoing claim.  Therefore, this portion of the claim should be dismissed as a matter of law.

**E.    Plaintiff Linda Kean Lacks Standing to Assert Any Claims.**

There is no legal authority to permit spousal recovery for loss of consortium on violations of another spouse's civil rights."  Wakshul v. City of Philadelphia, 998 F.Supp. 585, 590 (E.D. Pa. 1998), *citing* Quitmeyer v. SEPTA, 740 F.Supp. 363, 370 (E.D. Pa. 1990).  To the extent Linda Kean asserts a loss of consortium claim against the Moving Defendants on the basis of her husband's alleged civil rights claim, Linda Kean's claim (Count III) must be dismissed.

The Amended Complaint contains no facts that show that Linda Kean was personally subject to the February 7, 2007 traffic stop, or subsequent prosecution, that would entitle her to bring any of the tort claims asserted in this lawsuit.

To the extent the loss of consortium claim arises from the alleged torts against her spouse, the claim must also be dismissed since Moving Defendants are not liable to her spouse for the underlying torts.  *See, e.g.,* Murray v. Commercial Union Ins. Co., 782 F.2d 432, 437-38 (3rd Cir. 1986).

Accordingly, as a matter of law, Linda Kean must be dismissed as a party, and all claims asserted by her against the Moving Defendants must be dismissed.

### F.   The Official Capacity Suits Asserted Against Kenneth Henry and Charles Kraus Must Be Dismissed as a Matter of Law.

Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 166-167 (1985), *citing* Monell, 436 U.S. at 690, n. 55.  There is no longer a need to bring official-capacity actions against local government officials for, under Monell, local government units can be sued directly for damages and injunctive or declaratory relief.  Kentucky, *supra*, at n. 14.

Because official capacity suits are redundant, the alleged civil rights claims brought against Kenneth Henry and Charles Kraus, III, in their official capacities, in Count I of the Plaintiffs' Amended Complaint, must be dismissed as a matter of law.

### G.   Plaintiffs Have Failed to State a Valid Cause of Action Pursuant to the Fourteenth Amendment Since The Claims Are More Properly Analyzed Under the Fourth Amendment.

The Supreme Court has held that "all claims that law enforcement officers have used excessive force…in the course of an arrest, investigatory stop or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than a 'substantive due process' approach." Graham v. Conner, 490 U.S. 386, 395 (1989).  When government behavior is governed by a *specific* constitutional amendment, of due process analysis is inappropriate. Berg v. County of Allegany, 219 F.3d  261 (3rd Cir. 2000).

While Plaintiffs assert a "due process" claim in Count I of the Amended Complaint, their allegations must be analyzed under the Fourth Amendment as a matter of law.  Accordingly, to the extent Plaintiffs assert a Fourteenth Amendment claim against the Moving Defendants, it must be dismissed.

### H.  Plaintiffs Have Failed to Allege Any Facts That Would Create A Valid Cause of Action Against Charles Kraus, III.

Aside from averring that Charles Kraus, III served as the Chief of Police for the Northwest Regional, Plaintiffs fail to aver *any* facts that suggest that Chief Kraus did anything that would have arguably violated their constitutional rights or any rights protected by state law. Accordingly, Chief Kraus must be dismissed as a party to the Amended Complaint as a matter of law.

To the extent Plaintiffs pursue supervisory claims against Chief Kraus, they have failed to state a valid cause of action.  The standard of individual liability for supervisory public officials will be found to be no less stringent than the standard of liability for the public entities that they serve.  Sample v. Diecks, 885 F.2d 1099, 1118 (3rd Cir. 1989).  Thus, Chief Kraus is not generally vicariously liable for the actions of a subordinate, unless he has exhibited "deliberate indifference" to the actions of the subordinate.  Id.

To show a supervisory liability claim, a plaintiff must (1) identify the specific supervisory practice or procedure that the supervisor failed to employ, and show that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure.  Brown, 269 F.3d at 216; see also Ashscroft, 129 S.Ct. at 1948 (holding that government officials may not be held

liable under Section 1983 or <u>Bivens</u> for the unconstitutional conduct of their subordinates under a theory of respondeat superior.*).*   Here, Plaintiffs fail to aver any of the foregoing elements to support a supervisory liability claim against Chief Kraus.

**I.    Plaintiffs Have Failed to Allege Any Facts That Would Create a Valid Cause of Action Against Mount Joy Township or West Donegal Township.**

The Amended Complaint is devoid of any averments that remotely implicate Mount Joy Township or West Donegal Township.

Plaintiffs claim that Officer Henry and Chief Kraus are employed by Northwest Regional.   *See* Amended Complaint, ¶¶ 7-8.   However, Plaintiffs apparently advance the theory that Mount Joy Township and West Donegal Township allegedly "control" Northwest Regional and, thus, must be responsible for the actions of Northwest Regional Police Officer Kenneth Henry and Chief Charles Kraus.   *See* Amended Complaint, ¶ 26.   However, this allegation is nothing more than a legal conclusion of which, pursuant to <u>Twombly</u> and its progeny, the Court does not need to accept as true for purposes of a Motion to Dismiss.   <u>Twombly</u> requires Plaintiffs to aver *facts* to support this legal conclusion, which Plaintiffs fail to do.

In addition, the aforementioned legal conclusion is simply not true.   Northwest Regional is an *independent legal entity* established by Mount Joy Township and West Donegal Township pursuant to the Intergovernmental Cooperation Law.   Northwest Regional is governed by a five-member Commission.   *See* Section 6.3 and Section 6.4 of Exhibit 1.   Plaintiff improperly brings suit against these municipalities, rather than against the separate legal entity that actually employs the police officers whose conduct is at issue.

Moreover, the law is well-settled that there can be no respondeat superior or vicarious municipal liability.   Plaintiff seeks to hold Mount Joy Township and West Donegal Township vicariously liable for the actions of officers employed by Northwest Regional.

In addition, the Third Circuit is clear that if no individual police officer is primarily liable to the Plaintiff, there can be no <u>Monell</u> liability against the municipality.  <u>Williams v. Borough of West Chester, PA.</u>, 891 F.2d 458, 467 (3rd Cir. 1989); <u>Potts vs. City of Philadelphia</u>, 224 F.Supp.2d 919 (E.D. Pa. 2002).   If a person has suffered no constitutional injury at the hands of any individual police officer, "the fact that the department regulations might have authorized [unconstitutional action] is quite beside the point."  <u>Williams</u>, *supra*, *citing* <u>City of Los Angeles v. Heller</u>, 475 U.S. 796, 799 (1986).

Plaintiffs make no factual averment that any official or employee of Mount Joy Township or West Donegal Township took action that arguably violated Plaintiffs' constitutional rights; *i.e.*, the officers allegedly involved in the traffic stop of Earl Kean were from Northwest Regional and Elizabethtown Police Department.

**J.      Plaintiffs Have Failed to Allege Valid Causes of Action for Any of the State Tort Claims Asserted in Count II of the Complaint.**

**1.   Intentional Infliction of Emotional Distress**

The gravamen of the tort of intentional infliction of emotional distress is outrageous conduct on the part of the tortfeasor.  <u>Kazatsky v. King David Memorial Park, Inc.</u>, 527 A.2d 988, 991 (Pa. 1987), relying on Section 46(1) of the Restatement (Second) of Torts. "Outrageous conduct" in this context involves "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." <u>Id</u>.  The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.  <u>Id</u>.

Here, there are no allegations that Chief Kraus committed any act that would give rise to an intentional infliction of emotional distress claim.  To the extent Plaintiffs pursue such a claim

against Officer Henry, neither the verbal argument that he got into with Kean in late 2006 or the traffic stop involves conduct that would arguably rise to the "extreme and outrageous" conduct required to state a valid claim.  Accordingly, this claim must be dismissed as a matter of law.

### 2.  Conspiracy

To state a cause of action for civil conspiracy, a plaintiff must prove that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise unlawful act by unlawful means.  Corrigan v. Methodist Hospital, 853 F.Supp. 832, 836-37 (E.D. Pa. 1994). Proof of malice, i.e., intent to injure, is an essential part of a conspiracy cause of action and this unlawful intent must also be without justification.  Id. at 837.  In addition, an overt act must be performed in furtherance of the conspiracy and actual legal damages must result.  Id.  A cause of action for civil conspiracy requires a separate underlying tort as predicate for liability.  In re Orthopedic Bone Screw Products Liability Litigation, 193 F.3d 781, 789 (3rd Cir. 1999).

Because there is no facts averred indicating the existence of a provable separate underlying tort, there can be no conspiracy.  Moreover, there are no facts averred that either Officer Henry or Chief Kraus agreed to commit an unlawful act upon Plaintiffs.  Accordingly, this claim must be dismissed.

### 3.  Aiding and Abetting

The tort of aiding and abetting requires: "(1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; [and] (3) the defendant must knowingly and substantially assist the principal violation."  Bair v. Purcell, 500 F.Supp.2d 468, 496 (M.D. Pa. 2007), citing Hurley v. Atlantic City Police Dep't, 174 F.3d 95, 127 (3rd Cir. 1999) (claim for aiding and abetting under Title VII and New Jersey

anti-discrimination law).  Here, Plaintiffs fail to aver the facts necessary to state a valid cause of action.  They fail to aver which defendant had a duty or that said defendant breached the duty. They fail to aver which, if any, defendant aided and abetted the commission of a tort, and fail to identify the nature of the alleged "substantial assistance" allegedly rendered.

In the alternative, it is not clear that Pennsylvania even recognizes an actionable claim for "aiding and abetting," and federal courts have predicted that the Pennsylvania Supreme Court would not recognize such a cause of action.  Gilmour v. Bohmueller, 2005 WL 241181, Civ. Act. No. 04-2535, *12 (E.D. Pa. Jan. 27, 2005) citing Clayton v. McCullough, 670 A.2d 710, 713 (Pa. Super. 1996); Daniel Boone Area Sch. Dist. v. Lehman Bros., Inc., 187 F. Supp.2d 400, 413 (W.D. Pa. 2002).

Accordingly, this claim must be dismissed as a matter of law.

### 4.  Malicious Prosecution

A plaintiff alleging common law malicious prosecution must show: (1) the defendants initiated a criminal proceeding; (2) without probable cause; (3) with malice; and (4) which was subsequently terminated in plaintiff's favor.  Russoli v. Salisbury Twp., 126 F.Supp.2d 821, 870 (E.D. Pa. 2000).  Liability for malicious prosecution can attach when a defendant influences a third party to initiate the proceedings.  Id. at 871.  As to the malice element, malice includes both ill will in the sense of spite and the use of a prosecution for an extraneous, improper purpose.  Id. Malice can also be inferred from the absence of probable cause.  Id.

Here, the Amended Complaint contains no factual averment that the Moving Defendants maliciously initiated a criminal prosecution against either Plaintiff.  Accordingly, this claim must be dismissed as a matter of law.

### 5.   False Imprisonment

The elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of the detention.  <u>Brockington v. City of Philadelphia</u>, 354 F.Supp.2d 563, 572 n. 10 (E.D. Pa. 2005), *citing* <u>Renk</u>.  Such detention is unlawful if it is a consequence of an unlawful arrest.  <u>Id</u>.

Here, the Amended Complaint contains no factual averment that Plaintiffs were ever imprisoned.  In addition, the Amended Complaint contains no factual averment alleging that one of the Moving Defendants was responsible for any alleged imprisonment.  Accordingly, this claim must be dismissed as a matter of law.

### 6.   False Arrest

To maintain a false arrest claim, "a plaintiff must show that the arresting officer lacked probable cause to make the arrest." <u>Kokinda v. Breiner</u>, 557 F.Supp.2d 581, 593 (M.D.Pa. 2008), *citing* <u>Renk</u>, 641 A.2d at 293.  False arrest and false imprisonment are essentially the same claim under Pennsylvania law.  <u>Id</u>.  The state law claim is co-extensive with the federal constitutional false arrest claims as to elements of proof and damages.  <u>Russoli</u>, 126 F.Supp.2d at 869.  Thus, an arrest is lawful if it based upon probable cause.  <u>Id</u>.

Here, the Amended Complaint contains no factual averment alleging that one of the Moving Defendants ever arrested Plaintiffs.  Accordingly, this claim must be dismissed as a matter of law.

## IV.    CONCLUSION

For all the aforementioned reasons, Defendants, West Donegal Township, Mount Joy Township, Kenneth Henry and Charles M. Kraus, III, respectfully request that this Honorable Court grant their Motion to Dismiss in its entirety and enter an Order consistent with Defendants' proposed Order.

Respectfully submitted,

**SIANA, BELLWOAR & MCANDREW, LLP**

By:     _/s/Christopher P. Gerber_____
Christopher P. Gerber, Esquire, ID #76449
Eric M. Brown, Esquire, ID #204551
Attorneys for Defendants, West Donegal Township, Mount Joy Township, Kenneth Henry and Charles Kraus, III