**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Earl Kean and Linda Kean    . | : | CIVIL ACTION NO. 09-0567 |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| County of Lancaster, et al., | : | |
| | : | |
| Defendants | : | |

**ORDER**

AND NOW, this                day of                              , 2009, upon consideration of the motion of defendant, Michael Lyons, to dismiss plaintiffs' amended complaint, it is hereby ordered that the motion is GRANTED.  Plaintiff's amended complaint is dismissed with prejudice as against Michael Lyons.

BY THE COURT:

_____
                                                                J.

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

Earl Kean and Linda Kean        :     CIVIL ACTION NO. 09-0567
                            :
               Plaintiffs    :
                            :
        v.                :
                            :
County of Lancaster, et al.,       :
                            :
              Defendants   :

### MOTION OF DEFENDANT, MICHAEL LYONS, TO DISMISS
### PLAINTIFFS' AMENDED COMPLAINT

Defendant Michael Lyons, through his counsel, Swartz Campbell LLC, moves this Court

for an order dismissing the claims alleged against him in plaintiffs' amended complaint for the

reasons set forth in the accompanying memorandum of law.

WHEREFORE, Defendant, Michael Lyons, respectfully requests that this Court enter an

order dismissing plaintiffs' amended complaint with prejudice.

SWARTZ CAMPBELL LLC

BY:    s/Kathleen M. Carson
        KATHLEEN M. CARSON
        Two Liberty Place, 28th Floor
        50 South 16th Street
        Philadelphia, PA 19102
        (215) 299-4272
        kcarson@swartzcampbell.com

        Attorneys for Defendant, Michael
        Lyons

Dated: June 2, 2009

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Earl Kean and Linda Kean        . | : | CIVIL ACTION NO. 09-0567 |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| County of Lancaster, et al., | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANT,**
**MICHAEL LYONS, TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendant, Michael Lyons, moves this Court for an order dismissing the claims alleged against him in plaintiffs' amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**I.      Allegations of the Complaint**

Plaintiffs, Earl and Linda Kean, husband and wife, brought this action against, among others,  Michael Lyons, Sr., a police officer with the Elizabethtown Borough Police Department. Amended Complaint at ¶¶ 5, 10.  Plaintiff, Earl Kean, alleges that his civil rights were violated in contravention of 42 U.S.C. § 1983.  Amended Complaint at ¶ 1.

According to the complaint, Earl Kean was a municipal police officer and, thereafter, a Pennsylvania State Police officer.  Amended Complaint at ¶¶ 14-16.  The Keans resided in West Donegal Township.  Amended Complaint at ¶ 17.  Earl Kean, in September 2003, attended a township meeting at which the West Donegal Township proffered a vote to merge its police department with the Mount Joy Township Police Department. Amended Complaint at ¶¶ 18-19. Earl Kean moved to postpone the merger vote and proposed an interim study as to the effects of the proposed merger.  Amended Complaint at ¶ 21.  Kean's motion was denied and the township voted to merge its police department with that of Mount Joy Township.  Amended Complaint at ¶

23.  The two departments merged forming the Northwest Regional Lancaster County Police Department ("Regional Police "). Amended Complaint at ¶¶ 25-26.

In August 2004, Kean alleges he contacted the Regional Police to summon a police officer to remedy a general contractor's construction blocking a road. Amended Complaint at ¶ 28.  No officer arrived to remedy the situation. Amended Complaint at ¶ 29. Kean thereafter reported the situation to the Pennsylvania Department of Transportation, who advised him to obtain the name of the general contractor responsible for the site and report the issue to that general contractor. Amended Complaint at ¶ 30.  Plaintiff, when he went to the site to investigate, was blocked in with his vehicle by the general contractor. Amended Complaint at ¶ 31.  Kean contacted the Elizabethtown Borough Police who responded and remedied Kean's vehicle being blocked in by the general contractor. Amended Complaint at ¶ 32.   The incident was then turned over to the Regional Police. Amended Complaint at ¶ 32.  Plaintiff complains no further action was taken by the Regional Police with respect to the incident. Amended Complaint at ¶ 33.  There is no allegation of any involvement by Officer Lyons in this incident.

At the end of 2006, Kean complained at a West Donegal Township meeting that the merger of the police departments failed "in reducing efficiency and in saving money." Amended Complaint at ¶ 35.  Defendant, Kenneth Henry, responded to the complaints voiced by Kean by arguing with Kean at the meeting. Amended Complaint at ¶ 36.  Thereafter, Kean memorialized his concerns to the Regional Police Commission as well as within local newspapers. Amended Complaint at ¶ 37.

On February 7, 2007,Officer Henry followed Earl Kean in his police vehicle to Elizabethtown, outside of Henry's jurisdiction, and then stopped Kean.  Amended Complaint at ¶

38.  Henry told Kean to get his cards out and that the Borough would be there shortly.  Amended

Complaint at ¶ 39.  Officer Lyons then arrived backed up by Officer Berlin.  Amended Complaint

at ¶ 40.  Kean alleges that Lyons refused to tell him the reason for the traffic stop which

concluded without a citation being issued.  Amended Complaint at ¶¶ 43, 45.

     Kean later complained to the chief of police of Elizabethtown Borough about the traffic

stop.  Amended Complaint at ¶ 46.  The Chief allegedly advised Kean that Henry wanted to

charge Kean with fleeing and eluding police officers and that "Elizabethtown will not be used as a

weapon for Henry."  Amended Complaint at ¶ 46.

     Kean later received by mail a traffic citation from Lyons citing Kean for careless driving.

Amended Complaint at ¶ 49.  On June 7, 2007, the citation was dismissed.  Amended Complaint

at ¶ 53.

     Kean allegedly was advised in August 2007 by an Elizabethtown Borough Police officer

that Kean should have expected retaliation from the police because Kean opposed the merger

which opposition, if successful, would have resulted in the member police officers' pay not being

increased.  Amended Complaint at ¶ 54.

     Plaintiffs contend that they continue to suffer harassment, intimidation and other

misconduct of defendants indicative of retaliation.  Amended Complaint at ¶ 59.

     Plaintiff, Earl Kean, alleges claims for civil rights violations against Lyons, in his official

capacity, under 42 U.S..C. §1983 for alleged violations of his First, Fourth and Fourteenth

Amendment rights. Plaintiff also alleges state law claims against Lyons, in his individual capacity,

for intentional infliction of emotional distress, conspiracy/aiding and abetting, malicious

prosecution, false imprisonment and false arrest.  Finally, Linda Kean alleges a claim for loss of

3

consortium against defendant Lyons, among others.

## II.   Argument

### A.   Standard for Motion to Dismiss

In considering a motion to dismiss under F.R.C.P. 12(b)(6), courts are required to accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the non-moving party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974), *overruled on other grounds, Harlow v. Fitzgerald*, 457 U.S. 800, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982); *Allegheny General Hospital v. Philip Morris, Inc.*, 228 F.3d 429, 434-35 (3d Cir. 2000). Dismissal under Rule 12(b)(6) is appropriate where if accepting as true all facts alleged in the complaint, the plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (U.S. 2007). Stating a claim requires a complaint with enough factual matter (taken as true) to suggest the elements of a cause of action. *Gaston v. United States Post Office*, 2009 U.S. App. LEXIS 5673 at *7 (3d Cir. 2009). The factual allegations [of the complaint] must be enough to raise a right to relief above the speculative level. *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008). Courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint. *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

### B.   Plaintiff, Earl Kean, Fails to State a Valid Cause of Action for Violation of 42 U.S.C. § 1983

#### 1.   Liability Under § 1983

42 U.S.C. § 1983 imposes civil liability upon any person who, acting under color of state law, deprives another individual of any rights, privileges, or immunities secured by the

Constitution or laws of the United States.  Section 1983 does not create any new substantive

rights, but instead provides a remedy for the violation of a federal constitutional or statutory right.

*Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979);  *Gruenke v. Seip*, 225 F.3d 290, 298 (3d Cir.

2000).  To state a claim under § 1983, a plaintiff must show that the defendant, through conduct

sanctioned under color of state law, deprived him of a federal constitutional or statutory right.

*Parratt v. Taylor*, 451 U.S. 527, 535 (1986); *Gruenke,* 225 F.3d at 298.

Plaintiff, Earl Kean, claims that defendants' conduct deprived him of his right to be free

from unlawful detention, seizure, a citation issued without probable cause, retaliation, to be

secure in his person or property and to due process of law.  Amended Complaint at ¶ 60.  Plaintiff

also claims he was subjected to malicious prosecution.  Amended Complaint at ¶ 63.  Plaintiff

claims violations of his First, Fourth and Fourteenth Amendment rights.

### 1.   Earl Kean's Civil Rights Claims Asserted Against Officer Lyons In His Official Capacity Should Be Dismissed

Plaintiff, Earl Kean, asserts his civil rights claims against defendant Lyons only in his

official capacity.  *See* Amended Complaint - Count I..  The claims against Lyons in his official

capacity should be dismissed because the claims are treated as claims against the entity of which

Officer Lyons is an agent.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).  A suit against a

government official in his official capacity is synonymous with a claim against the government

entity itself.  *D'Altilo v. Dover Twp*., 2007 U.S. Dist. LEXIS 71414 at *11 (M.D. Pa. 2007).  If a

plaintiff asserts claims against both a government entity and the entity's agents in their official

capacity, the court should dismiss the official capacity suits.  *Id.* at *12.

In this case, plaintiff asserted his § 1983 claims against Lyons in his official capacity only

and  Elizabethtown Borough is a party to the action.  The claims asserted against Officer Lyons in

Count I of the complaint are duplicative of the official capacity claims against Elizabethtown

Borough and, therefore, Count I should be dismissed as against defendant Lyons with prejudice.

> **2.      Earl Kean, In Any Event Fails to State a Claim Under Section 1983
>          Against Officer Lyons**

>> **a.      Fourth Amendment Seizure**

The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const.

amend. IV.  Temporary detention of individuals during the stop of an automobile by the police,

even if only for a brief period and for a limited purpose, constitutes a seizure within the meaning

of the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809-10 (1996). "[A] traffic

stop will be deemed a reasonable 'seizure' when an objective review of the facts shows that an

officer possessed specific, articulable facts that an individual was violating a traffic law at the time

of the stop." *U.S. v. Delfin-Colina,* 464 F.3d 392, 398 (3d Cir. 2006).  A reasonable suspicion

standard applies to routine traffic stops. *Id.* at 397.  Probable cause is not required for a traffic

stop to be reasonable under the Fourth Amendment. *Christopher v. Nestlerode*, 240 Fed. Appx.

481, 487 n. 3 (3d Cir. 2007).

Here, Plaintiff does not allege facts to establish that the traffic stop was not based on a

reasonable suspicion.  Moreover, the amended complaint alleges that Officer Lyons arrived after

the stop occurred.  Plaintiff does not allege that Officer Lyons was the officer who effected the

traffic stop of plaintiff, Earl Kean.  There is no allegation of conduct on the part of Lyons that

could be said to constitute an unreasonable seizure within the meaning of the Fourth Amendment.

Plaintiff fails to state a Fourth Amendment seizure claim against Officer Lyons. Accordingly, this

claim should be dismissed as against defendant Lyons.

### b.    Malicious Prosecution

To the extent plaintiff's claimed Fourth Amendment seizure is based on the issuance of the traffic citation, plaintiff fails to state a claim as a matter of law.   A claim for malicious prosecution whether under § 1983 or state law requires plaintiffs to prove the following elements:

1.    the defendants initiated a criminal proceedings;

2.    the criminal proceeding ended in plaintiff's favor;

3.    the proceeding was initiated without probable cause; and

4.    the defendants acted maliciously or for a purpose other than bring plaintiff to
       justice.

*Donahue v. Gavin*, 280 F.3d 371, 379 (3d Cir. 2002); *Merkle v. Upper Dublin School District*, 211 F.3d 782, 791 (3d Cir. 2000).   In addition, to establish a malicious prosecution claim under § 1983, plaintiffs must prove that they "suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *See Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003).   The type of constitutional injury the Fourth Amendment is intended to redress is the deprivation of liberty accompanying prosecution, not prosecution itself. *DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005).   In *Dibella*, the Third Circuit held that the plaintiffs failed to establish a Fourth-Amendment seizure as a result of a legal proceeding because "they were only issued a summons; they were never arrested; they never posted bail; they were free to travel; and they did not have to report to Pretrial Services." *Id.*

In *Holmes v. McGuigan*, 184 Fed. Appx. 149, 151 (3d Cir. 2006), the Third Circuit found that having to defend oneself against a speeding ticket is not a seizure.  In *Holmes*, the court

found that the only deprivation of liberty that resulted from plaintiff's traffic citation was the requirement that she appear in court which was not sufficient to constitute a seizure within the meaning of the Fourth Amendment. *Id.* at 151-52.

Plaintiff does not state a claim for malicious prosecution under state law or § 1983. Earl Kean cannot establish the requisite deprivation of liberty resulting from the traffic citation mailed to him by Officer Lyons. Earl Kean's having to defend himself against a traffic citation is not a seizure within the meaning of the Fourth Amendment. *See DiBella v. Borough of Beachwood*, *supra*.; *Holmes v. McGuigan*, *supra*.

In addition, Earl Kean also does not allege that Officer Lyons initiated criminal proceedings against him. The amended complaint merely alleges that a traffic citation from Lyons was mailed to Earl Kean. The amended complaint also does not allege facts to establish that Officer Lyons acted maliciously in sending the citation or acted for a purpose other than bring plaintiff to justice.

Plaintiffs have failed to state a claim for Fourth Amendment malicious prosecution against Officer Lyons and, as such, plaintiffs' claim should be dismissed.

### c. Plaintiff Fails to State A First Amendment Retaliation Against Officer Lyons

In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action. *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). "[T]he key question in determining whether a cognizable First Amendment

claim has been stated is whether 'the alleged retaliatory conduct was sufficient to deter a person of ordinary firmness from exercising his First Amendment rights.'" *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006). Plaintiffs also must establish that his or her protected activity was a substantial or motivating factor in the alleged retaliatory action. *Ambrose v. Township of Robinson*, 303 F.3d 488, 493 (3d Cir. 2002).

Plaintiff fails to allege a claim of retaliation against Officer Lyons under the First Amendment. The sending a traffic citation is not an action sufficient to deter a person of ordinary firmness from exercising his constitutional rights. Moreover, plaintiff does not allege a sufficient causal connection between plaintiff's opposition in 2003 to the merger of the West Donegal and Mount Joy Township police departments and the traffic citation issued to him in 2007 by Officer Lyons of the Elizabethtown Borough Police.

Plaintiffs fail to state a claim against Office Lyons for violation of their First Amendment rights. Plaintiffs First Amendment claims against defendant Lyons should be dismissed.

**4.     Plaintiff Fails to State a Claim for Violation of the Fourteenth Amendment**

When government behavior is governed by a specific constitutional amendment, due process analysis is inappropriate. *Berg v. County of Allegheny*, 219 F.3d 261, 268 (3d Cir. 2000). While not all actions by police officers are governed by the Fourth Amendment, the constitutionality of arrests and detentions by state officials is governed by the Fourth Amendment rather than due process analysis. *See Graham v. Connor*, 490 U.S. 386, 395 (1989); *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997); *Blackwell v. Barton*, 34 F.3d 298, 302 (5th Cir. 1994). Accordingly, to the extent plaintiffs' purport to allege a claim for denial of due process in

9

violation of the Fourteenth Amendment, it should be dismissed.

To the extent plaintiff purports to allege a claim of selective prosecution, plaintiff fails to state a claim. To establish a Fourteenth Amendment selective prosecution or enforcement claim, a plaintiff must show "(1) that they were treated differently from other similarly situated individuals, and (2) that such differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of Constitutional rights, or malicious or bad faith intent to injure a person." *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 2006 U.S. Dist. LEXIS 59610 (M.D. Pa. 2006). Plaintiff must show purposeful and systemic discrimination by specifying instances in which the Plaintiff was singled out for unlawful oppression in contrast to others similarly situated. *Id.*

Here, Plaintiff has not alleged any facts to show that he was treated differently from other similarly situated individuals. To the extent plaintiff purports to allege a claim of selective prosecution, plaintiff fails to state a claim and any such claim should be dismissed.

### C.     This Court Should Decline to Exercise Supplemental Jurisdiction Over the Remaining State Law Claims

The alleged civil rights violations are the sole basis for federal jurisdiction. In the event this Court dismisses the civil rights claims, the Court should decline to exercise supplemental jurisdiction over the remaining state law claims and they also should be dismissed. The rule within the Third Circuit is that once all claims with an independent basis of federal jurisdiction have been dismissed the case no longer belongs in federal court. *See Markowitz v. Northeast Land Co.*, 906 F.2d 100, 106 (3d Cir. 1990); *Lovell Mfg. Corp. v. Export-Import Bank of the United States*, 843 F.2d 725, 734 (3d Cir. 1988). Accordingly, plaintiffs' state law claims should be

dismissed.

**D.    Plaintiff's State Law Claims Fail to State Causes of Action Upon Which Relief Can Be Granted**

Even if this Court considers plaintiff's state law claims, plaintiff has failed to state causes of action upon which relief can be granted as to these claims.

**1.    Plaintiff Fails to State Claims for Intentional Infliction of Emotional Distress**

Recovery for intentional infliction of emotional distress is permitted only "where there is conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society." *Gordon v. Lancaster Osteopathic Hospital Association, Inc.*, 340 Pa. Super. 253, 489 A.2d 1364 (1985) (quoting Restatement (Second) of Torts § 46, comment (d) (1977)).   The essential outrageous conduct must amount to a "major outrage." *Lazor v. Milne*, 346 Pa. Super. 177, 499 A.2d 369 (1985).   As such, cases which have found a sufficient basis for a cause of action of intentional infliction of emotional distress have presented only the most egregious conduct. *See e.g. Hoy v. Angelone*, 720 A.2d 745, 754 (Pa. 1998)(no recovery for intentional infliction of emotional distress in sexual harassment case); *Motheral v. Burkhart*, 400 Pa. Super. 408, 583 A.2d 1180 (Pa. Super 1990)(no recovery where defendant allegedly lied to police a causing plaintiff to be arrested and detained);  *Banyas v. Lower Bucks Hospital*, 293 Pa. Super. 122, 437 A.2d 1236 (1981)(defendants intentionally fabricated records to suggest that plaintiff had killed a third party which led  to plaintiff being indicted for homicide).   Intentional infliction of emotional distress does not encompass insults, threats, annoyances or petty oppressions. *Clark v. Township of Falls*, 890 F.2d 611, 623 (3d Cir. 1989).

11

"[I]n order to state a claim under which relief can be granted for the tort of intentional infliction of emotional distress, the plaintiffs must allege physical injury." *Hart v. O'Malley*, 647 A.2d at 554. The emotional distress must be so extraordinary that it is capable of medical confirmation. *Hunger v. Grand Central Sanitation*, 447 Pa. Super. 575, 670 A.2d 173, 177 (1996); *Ascolese v. Southeastern Pennsylvania Transportation Authority*, 902 F. Supp. 553 (E.D. Pa. 1995).

Here, plaintiff fails to state a claim for intentional infliction of emotional distress against defendant Lyons. The only conduct by Lyons alleged in the complaint is that Lyons arrived at the traffic stop of Earl Kean by Officer Henry and that a traffic citation from Lyons for careless driving was mailed to Earl Kean. There is no conduct by Lyons that is sufficiently egregious for a claim of intentional infliction of emotional distress by Earl Kean. Moreover, there is no allegation of any physical injury due to emotional distress on the part of plaintiff which is required for such a claim.

Plaintiff fails to state a claim for intentional infliction of emotional distress. Plaintiff's claim for intentional infliction of emotional distress should be dismissed with prejudice.

### 2. Plaintiff Fails to State Claims for False Imprisonment and False Arrest

"The elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention." *Renk v. City of Pittsburgh*, 537 Pa. 68, 641 A.2d 289, 293 (1994). A false arrest is an arrest made without probable case or by a person without authority to do so. *Warren v. Township of Derry*, 2007 U.S. Dist. LEXIS 19537 *44-45 (M.D. Pa. 2007).

Here, Plaintiff does not allege that he was arrested by defendant Lyons or any other

12

defendant. Plaintiff, at most, alleges he was briefly detained during a traffic stop and subsequently received a traffic citation by mail.  Plaintiff fails to state a claim for false arrest under Pennsylvania law.

Plaintiff also does not allege he was unlawfully detained.  A reasonable suspicion is all that is required to conduct a traffic stop that is a brief investigatory stop.  *See U.S. v. Delfin-Colina*, 464 F.3d at 396-97  (3d Cir. 2006).  Plaintiff does not allege that the defendants lacked reasonable suspicion for the traffic stop.  Plaintiff merely pleads that defendants did not have probable cause to stop plaintiff's vehicle which is not required under the circumstances.  *See Christopher v. Nestlerode*, 240 Fed. Appx. 481, 487 n. 3 (3d Cir. 2007).  Plaintiff fails to state claims for false arrest and false imprisonment.  Plaintiff's claims for false arrest and imprisonment should be dismissed.

### 3.  Malicious Prosecution

In order to establish a malicious prosecution claim under Pennsylvania law, plaintiff must prove: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; and (4) the defendants acted maliciously or for a purpose other that bringing the plaintiff to justice. *Donahue v. Gavin*, 28 F.3d 371 (3d Cir. 2002).

Earl Kean does not allege that Officer Lyons initiated criminal proceedings against him. The amended complaint merely alleges that Officer Lyons mailed the traffic citation to Earl Kean. The amended complaint also does not allege that Officer Lyons acted maliciously or for a purpose other than bring plaintiff to justice.  Accordingly, plaintiff fails to state a claim for malicious prosecution against defendant Lyons and the claim should be dismissed.

13

### 4.    Aiding and Abetting

Pennsylvania has not adopted a cause of action for aiding and abetting liability. *Clayton v. McCullough*, 448 Pa. Super. 126, 131, 448 Pa. Super. 126, 670 A.2d 710 ("Clearly we are not bound by section 876(b) [aiding and abetting] of the Restatement 2d, as it has not been adopted by the Pennsylvania Supreme Court"); *Daniel Boone Area Sch. Dist. v. Lehman Bros., Inc.,* 187 F. Supp. 2d 400, 413 (W.D. Pa. 2002)("the Pennsylvania Supreme Court has not yet adopted § 876(b) as the law of Pennsylvania"); *S. Kane & Son Profit Sharing Trust v. Marine Midland Bank*, 1996 U.S. Dist. LEXIS 8023, 30 (E.D. Pa. 1996) *citing, Clayton v. McCullough*, 670 A.2d 710, 713 (Pa. Super. 1996) (noting that Pennsylvania Supreme Court has not adopted § 876(b) of Restatement (Second) of Torts); *see also*, *Waslow v. Grant Thornton LLP (In re Jack Greenberg, Inc.)*, 240 B.R. 486, 524(Bankr. E.D. Pa. 1999); *Gilmour v. Bohmueller*, No. 04-2535, 2005 U.S. Dist. LEXIS 1611 (E.D. Pa. Jan. 27, 2005).  Accordingly, plaintiff cannot state a claim for aiding and abetting against defendant Lyons as a matter of law.

### 5.    Conspiracy

Civil conspiracy requires an agreement between two or more persons to participate in an unlawful act, or to do a lawful act by an unlawful means, plus an overt act performed by one of the parties to the agreement in furtherance of the common scheme which caused injury. *Thompson Coal Co. v Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466, 472 (1979); *Burnside v. Abbott Laboratories*, 351 Pa. Super. 264, 505 A.2d 973, 980 (1985).  There is no basis for a conspiracy claim unless there is a basis for the cause of action defendants allegedly conspired to commit. *Rose v. Wissinger*, 439 A.2d 1193, 1196 (Pa. Super. 1982).

Plaintiff fails to state a claim for conspiracy.  Plaintiff does not allege an agreement by

14

defendant Lyons and another person to participate in an unlawful act or to do a lawful act by unlawful means which caused injury to plaintiff.  Moreover, because plaintiff has otherwise failed to allege a cause of action, his conspiracy claim fails as well and should be dismissed.

**E.      Linda Kean Fails to State a Claim for Loss of Consortium**

**1.      Linda Kean Cannot Assert a Claim for Loss of Consortium Based on Alleged Violations of Earl Kean's Civil Rights**

There is no authority that civil rights violations can support loss of consortium claims. *Danas, v. Chapman Ford Sales, Inc.*, 120 F. Supp. 2d 478, 489 (E.D. Pa. 2000); *Stauffer v. City of Easton*, 1999 U.S. Dist. LEXIS 11407, 1999 WL 554602, *1 (E.D.Pa. 1999); *Miller v. County of Allegheny*, 2006 U.S. Dist. LEXIS 83614 at *20 (W.D. Pa. 2006).  Accordingly, Linda Kean cannot state a claim for loss of consortium claim based on alleged violations of her husband's civil rights and any such claim should be dismissed.

**2.      Linda Kean Cannot State a Loss of Consortium Claim in Connection with the State Law Claims**

To the extent Linda Kean asserts a loss of consortium claim in connection with the state law claims, Linda Kean fails to state such a claim.  Under Pennsylvania law, loss of consortium derives only from the injured spouse's right to recover in tort.  *See Little v. Jarvis*, 219 Pa. Super. 156, 280 A.2d 617, 620 (1971).  Because Earl Kean has failed to state a claim under state law, Linda Kean's  loss of consortium claim fails as well.

15

**III.**     **Conclusion**

Defendant Michael Lyons, respectfully requests that this Court enter an order dismissing plaintiffs' amended complaint with prejudice.

Respectfully submitted,

SWARTZ CAMPBELL LLC

BY:     s/Kathleen M. Carson
KATHLEEN M. CARSON
I.D. No. 47981
Two Liberty Place, 28th Floor
50 South 16th Street
Philadelphia, PA 19102
(215) 299-4272
kcarson@swartzcampbell.com

Attorneys for Defendant, Michael Lyons

Dated: June 2, 2009

16

## CERTIFICATE OF SERVICE

Kathleen M. Carson certifies that a true and correct copy of the motion of defendant,

Michael Lyons, to dismiss plaintiffs' amended complaint was served on the counsel listed below

by electronic filing (ECF) on June 2, 2009.

Matthew Weisberg, Esquire
Prochniak & Weisberg, P.C.
7 South Morton Avenue
Morton, PA 19070

Christopher Gerber, Esquire
Siana, Bellwoar, & McAndrew, LLP
941 Pottstown Pike
Suite 200
Chester Springs, PA 19425

Frank J. Lavery, Jr., Esquire
Lavery, Faherty, Young & Patterson, P.C.
225 Market Street
Suite 304
Harrisburg, PA 17101

John Founlacker, Esquire
Thomas, Thomas & Hafer, LLP
305 North Front Street
P.O. Bos 999
Harrisburg, PA 17108

s/Kathleen M. Carson
KATHLEEN M. CARSON

17