## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Earl Kean & Linda Kean, | : | |
| Individually & as H/W | : | |
| 231 Dogwood Drive | : | |
| Elizabethtown, PA 17022 | : | |
| | : | CIVIL ACTION NO.:  09-0567 |
| Plaintiffs | : | |
| v. | : | |
| | :Jury of Twelve (12) Jurors Demanded | |
| Elizabethtown Borough, et al | : | |
| 600 South Hanover Street | : | |
| Elizabethtown, PA 17022 | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this _____ day of _____, 2009, upon consideration of Defendants' Motions to Dismiss (Docket Nos.: 28, 32, 33, & 36), and Plaintiffs' omnibus response thereto, it is hereby ORDERED and DECREED that Defendants' Motions are DENIED.

**AND IT IS SO ORDERED.**

_____
C. DARNELL JONES, II    ,J.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Earl Kean & Linda Kean, | : | |
| Individually & as H/W | : | |
| 231 Dogwood Drive | : | |
| Elizabethtown, PA 17022 | : | |
| | : | CIVIL ACTION NO.:  09-0567 |
| Plaintiffs | : | |
| v. | : | |
| | :Jury of Twelve (12) Jurors Demanded | |
| Elizabethtown Borough, et al | : | |
| 600 South Hanover Street | : | |
| Elizabethtown, PA 17022 | : | |
| | : | |
| Defendants | : | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S, GORDON BERLIN, MOTION TO DISMISS**

1.      Denied.  Plaintiffs' complaint speaks for itself its entirety.

2-3.     Denied.  Plaintiffs' Amended Complaint speaks for itself in its entirety.

4.      Denied.  Plaintiffs' Amended Complaint speaks for itself in its entirety. By way of further answer, the averment is a conclusion of law to which no response is required.

5-22.    Denied.  Plaintiffs' Amended Complaint speaks for itself in its entirety.

23.     Denied.  The averment is a conclusion of law to which no response is required.

24.     Denied.  The averment is a conclusion of law to which no response is required.  By way of further answer, the Court should exercise its jurisdiction.

25.     Denied.  The averment is a conclusion of law to which no response is required.  By way of further answer, it is specifically denied that Plaintiffs fail to state a claim.

26-27.  Denied.  The averment is a conclusion of law to which no response is required.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court deny Defendant's,

Gordon Berlin, Motion to Dismiss.

BY:    <u>/s/ Rebecca M. Steiger</u>
MATTHEW B. WEISBERG
REBECCA M. STEIGER
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Earl Kean & Linda Kean, | : | |
| Individually & as H/W | : | |
| 231 Dogwood Drive | : | |
| Elizabethtown, PA 17022 | : | |
| | : | CIVIL ACTION NO.:  09-0567 |
| Plaintiffs | : | |
| v. | : | |
| | : | Jury of Twelve (12) Jurors Demanded |
| Elizabethtown Borough, et al | : | |
| 600 South Hanover Street | : | |
| Elizabethtown, PA 17022 | : | |
| | : | |
| Defendants | : | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS', WEST DONEGAL TOWNSHIP,
MOUNT JOY TOWNSHIP, KENNETH HENRY AND CHARLES KRAUS III, MOTION
TO PARTIALLY DISMISS PLAINTIFFS' AMENDED COMPLAINT**

1.      Denied.  Plaintiffs' Complaint speaks for itself in its entirety.

2.      Denied.  Defendants' Motion speaks for itself in its entirety.

3.      Denied.  Plaintiffs' Motion speaks for itself in its entirety.

4.      Denied.  The Court's Order speaks for itself in its entirety.

5-12.   Denied.  Plaintiffs' Amended Complaint speaks for itself in its entirety.

13.     Denied.  The averment is a conclusion of law to which no response is required.  By way

of further answer, it is specifically denied that Plaintiffs' Amended Complaint fails to state a

cause of action.

        WHEREFORE, Plaintiffs respectfully requests this Honorable Court deny Defendants',

West Donegal Township, Mount Joy Township, Kenneth Henry and Charles Kraus III, Motion to

Partially Dismiss.

                                        BY:    /s/ Rebecca M. Steiger
                                               MATTHEW B. WEISBERG
                                               REBECCA M. STEIGER
                                               Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Earl Kean & Linda Kean, | : | |
| Individually & as H/W | : | |
| 231 Dogwood Drive | : | |
| Elizabethtown, PA 17022 | : | |
| | : | CIVIL ACTION NO.:  09-0567 |
| Plaintiffs | : | |
| v. | : | |
| | : | Jury of Twelve (12) Jurors Demanded |
| Elizabethtown Borough, et al | : | |
| 600 South Hanover Street | : | |
| Elizabethtown, PA 17022 | : | |
| | : | |
| Defendants | : | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S, BOROUGH OF ELIZABETHTOWN, MOTION TO PARTIALLY DISMISS PLAINTIFFS' AMENDED COMPLAINT**

1-2.   Denied.  Plaintiffs' Complaint speaks for itself in its entirety.

3.   Denied.  The Court's Order speaks for itself in its entirety.

4.   Denied.  The docket speaks for itself in its entirety.

5.   Denied.  Plaintiffs' Motion and the Court Order speak for themselves in their entirety.

6.   Denied.  Plaintiffs' Motion speaks for itself in its entirety.

7.   Denied.  The Court's Orders speak for themselves in their entirety.

8.   Denied.  Plaintiffs' Amended Complaint speaks for itself in its entirety.

9.   Denied.  The proof of service speaks for itself in its entirety.

10-27. Denied.  Plaintiffs' Amended Complaint speaks for itself in its entirety.

28.   Denied.  The averment is a conclusion of law to which no response is required.

29.   Denied.  The averment is a conclusion of law to which no response is required.  By way of further answer, the statute of limitations was tolled.

30-33.  Denied.  The averment is a conclusion of law to which no response is required.  By way of further answer, Plaintiffs' Amended Complaint speaks for itself in its entirety.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court deny Defendant's, Borough of Elizabethtown, Motion to Partially Dismiss.

BY:   /s/ Rebecca M. Steiger
MATTHEW B. WEISBERG
REBECCA M. STEIGER
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Earl Kean & Linda Kean, | : | |
| Individually & as H/W | : | |
| 231 Dogwood Drive | : | |
| Elizabethtown, PA 17022 | : | |
| | : | CIVIL ACTION NO.:  09-0567 |
| Plaintiffs | : | |
| v. | : | |
| | : | Jury of Twelve (12) Jurors Demanded |
| Elizabethtown Borough, et al | : | |
| 600 South Hanover Street | : | |
| Elizabethtown, PA 17022 | : | |
| | : | |
| Defendants | : | |

**OMNIBUS MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS', MICHAEL LYONS, BOROUGH OF ELIZABETHTOWN, GORDON BERLIN,  WEST DONEGAL TOWNSHIP, MOUNT JOY TOWNSHIP, KENNETH HENRY AND CHARLES KRAUS III, MOTION TO PARTIALLY DISMISS PLAINTIFFS' AMENDED COMPLAINT**

I.       **Operative Facts**

        Plaintiff, Earl Kean, is the victim of harassment by members of the Elizabeth Borough

Police Department and the Northwest Regional Lancaster County Police Department ("Regional

Police"), which are run by Elizabeth Borough, West Donegal Township, and Mount Joy

Townships.  Among those who participated in this planned pattern and conspiracy of harassment

are Gordon Berlin, Michael Lyon, Kenneth Henry, and Charles Kraus III.  There are others,

unknown to Plaintiffs at this time, who participated in the harassment.  Plaintiffs identified these

individuals as Johns Does 1-10.

        Plaintiff, Earl Kean ("Kean"), worked in law enforcement for approximately twenty three

(23) years.[1]  After his retirement, in 2003, Kean attended a West Donegal Township meeting.[2]

At this meeting, one of the items discussed was the possible merger of the West Donegal and

---

[1] Plaintiffs' Amended Complaint, ¶14-16
[2] Id., ¶18

Mount Joy Townships' police departments into the Regional Police.[3]  Kean voiced his opposition

to the merger, publicly voicing his belief that the merger was not for efficiency and savings but

rather police officer pay increases.[4]  Despite Kean's motion to postpone the vote, the merger

passed during this town meeting.[5]  Mount Joy Township also approved the merger.[6]  At the end

of 2006, Kean again publicly aired his opposition to the merger saying that the goal had not been

met and the effectiveness was down.[7]  Henry verbally argued with Kean at this meeting.[8]

Ever since the formation of the Regional Force, Kean has been the subject of harassment

and a failure to respond to Kean's request for police assistance.[9]  This policy, practice, pattern, or

custom was a result of Kean's public opposition to the merger and his vocalizing his opinion that

the reasoning behind the merger was police officer pay increases.

The pattern of harassment consummated in an unjustified stop of Kean's car.[10]  On

February 7, 2007, Henry followed Kean's car in a marked police vehicle, without the sirens, into

Elizabethtown.[11]  Elizabethtown is outside Henry's jurisdiction.[12]  Once in Elizabethtown, Henry

stopped Kean.[13]  During this stop, prior to reviewing Kean's documentation, Henry called out

"Earl, get your cards out - Borough will be here in a minute."[14]  Lyons and Berlin then arrived

and continued to detain Kean.[15]  Despite repeated requests, Lyons refused to tell Kean the reason

---

[3] Id., ¶19
[4] Id., ¶22
[5] Id., ¶21, 23
[6] Id., ¶24
[7] Id., ¶34-35
[8] Id., ¶36
[9] Id., ¶27
[10] Id., ¶39
[11] Id., ¶38
[12] Id.
[13] Id.
[14] Id., ¶40
[15] Id., ¶41-42

for the traffic stop.[16]  The sole purpose behind the stop was to harass Kean, as Kean's detention

ended without the issuance of a citation.[17]

Kean complained about the stop, and Elizabethtown Borough's role in it, to

Elizabethtown's Chief of Police.  Kean was then told that Henry had wanted to charge Kean with

fleeing and eluding police officers, despite the lack of justification for those charges.[18]  It became

apparent to Kean that Henry was retaliating against Kean for Kean's opposition to the merger.

Kean's suspicions have been confirmed by officers within Elizabethtown Borough and the state

police, as well as private citizens.[19]

Kean was mailed a citation of careless driving by Lyons, which citation was without

probable cause.[20]  Elizabethtown's Chief of Police was shocked to hear that Kean had received a

citation.[21]  Kean, representing himself *pro se*, moved to have the citation dismissed at a hearing

on June 7, 2007.[22]  The motion was granted.[23]

## II.    Legal Standard

The Complaint is sufficiently factually pleaded under <u>Twombly</u> and <u>Iqbal</u>.[24]  In accord

with <u>Iqbal</u>, it has been long held that a federal complaint need not state causes of action but

instead merely facts justifying a prayer for relief.[25]

To the extent this Honorable Court finds the Complaint not sufficiently pleaded, the

Court is alternatively moved to allow an amended pleading.[26]  "Prejudice" is not defined by the

---

[16] <u>Id.</u>, ¶43
[17] <u>Id.</u>, ¶44-45
[18] <u>Id.</u>, ¶46
[19] <u>Id.</u>, ¶48, 54
[20] <u>Id.</u>, ¶49-50
[21] <u>Id.</u>, ¶51
[22] <u>Id.</u>, ¶52-53
[23] <u>Id.</u>, ¶53
[24] <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955 (2007); <u>Ashcroft v. Iqbal</u>, 2009 U.S. LEXIS 4472 (2009).
[25] <u>Iqbal</u>, supra; *Moores's Federal Practice* P 8.04 [3].

requirement of the party so proclaiming to ongoing litigate even when an amendment may be thought tenuous or ongoing litigation costly, but is instead defined by the inability to defend against that amendment which cannot be the case at this initial stage.[27]

A Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[28]  "Detailed factual allegations" are not required.[29]  Rule 8 merely requires sufficient factual matter which must be accepted as true from which reasonable inferences must be drawn in favor of the pleader to "state a claim for relief that is plausible on its face."[30]

"A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the **reasonable inference** that the Defendant is liable for the misconduct alleged."[31]  "The plausibility standard is not akin to a 'probability requirement,' but instead asks for more than a sheer possibility that a Defendant has acted unlawfully."[32]

Whether a Complaint states a plausible claim for relief requires a "context – specific" analysis.[33]

> While legal conclusions can provide the framework of Complaint, they must be supported by factual allegations.  Where there are well-pleaded factual allegations, a court **should assume their veracity** and then determine whether they plausibly give rise to entitlement to relief.  Iqbal, supra. (emphasis added).

---

[26] Phillips v County of Allegheny, 1515 F.3d 224 (C.A.3. 2008) (the Third Circuit in accord with Twombly, supra., directing District counts to grant leave for Amended Complaints *even when not requested* unless futile or prejudicial); FRCP 15 (amended complaints are to be liberally allowed so as to do justice on the merits).
[27] Adams v. Gould, Inc. 739 F.2d 858, 868-870 (C.A.3 1984); Arthur v Maersk, 434 F.3d 196, 204-207 (C.A.3 2006); Lorenz v CSX Corp. F.3d 1406, 1414 (C.A.3 1993) (finding no prejudice arising from amendment three years after action and two years after complaint was amended for the second time).
[28] Iqbal, supra. (quoting FRCP 8(a)(2)).
[29] Iqbal, supra (quoting Twombly, at 555).
[30] Iqbal, supra (quoting Twombly, at 570); Independence Enterprises Inc. v Pitts. Water and Sewer Auth., 103 F.3d 1165 1168 (C.A.3 1997).
[31] Iqbal, supra. (citing Twombly, at 556) (emphasis added)
[32] Id.  (emphasis added).
[33] Iqbal, supra.

Rule 8's "short and plain statement of the claim" mandate controls Rule 9's relaxed requirement of allowing "malice, intent, knowledge, and other conditions of a person's mind [to] be alleged generally."  Iqbal, supra.

The subject Complaint is more than a bare recitation of the legal elements of stated causes of actions as it is more than legal conclusions without factual support.  On the contrary, the Complaint consists of statements of facts which must be accepted as true and from which additional inferences should be derived to plausibly suggest that the requested relief may be granted.  To be sure, Iqbal interpreting Twombly both specifically state that neither Rule 8 nor 9's notice pleading allowances have changed, of which this Honorable Court should, respectfully, be cautioned from elevating the initial pleading to an impossible pre-discovery trial burden.

**III.    Argument**

     a.   Monell

       *i.  Plaintiffs state a custom under Monell*

Under Monell v. Department of Social Services[34], a municipality is liable for damages under 42 U.S.C §1983 when a policy, practice, or custom of the municipality causes a constitutional violation.

To establish a claim of municipal liability, settled law provides that a plaintiff need not point to an explicit policy or identify a specific decision-maker.[35]  Rather, a plaintiff need only establish the existence of a municipal custom.[36]  Thus, "[p]ractices so permanent and well settled as to have the force of law [are] ascribable to municipal decisionmakers" and constitute a

---

[34] 436 U.S. 658 (1978)
[35] Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990)
[36] Id.

custom".[37]  A course of conduct is considered to be a 'custom' when, though not authorized by

law, 'such practices of state officials [are] so permanent and well settled' as to virtually constitute

law."[38]  Custom may also be established by evidence of knowledge and acquiescence.[39]

Kean publicly voiced his opposition to the merger of the police departments.  Had Kean's

opposition been successful, the police officers would not have received pay increases.  In

retaliation for Kean's outspoken opposition, the newly created Regional Force started a policy

and custom of harassing him.

Kean alleges instances of the Regional Force acting with deliberate indifference to

Kean's reports of problems.  In August 2004, Kean called the Regional Force multiple times to

complain about a contractor blocking the road and creating a nuisance.[40]  No officer ever

responded to Kean or appeared to remedy the situation.[41]  After the contractor physically

detained Kean, the Regional Force still refused to assist Kean.[42]  Elizabeth Borough originally

---

[37] Id; *See* Anela v. City of Wildwood, 790 F.2d 1063, 1067 (3d Cir. 1986) (stating that "routine disregard by the
city police of an applicable legal procedure designed to preserve the right of citizens detained in their custody
amounts to a 'policy' as construed by Monell"); *See* Natale v. Camden County Corr. Facility, 3 18 F.3d 575, 584 (3d
Cir. 2003) (quoting Bd. Of County Comm 'rs of Bryan. County, Oklahoma v. Brown, 520 *U.S.* 397,4 17-1 8 (1
997))(explaining that custom could be shown when "the need to take some action to control the agents of the
government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional
rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need"); Silva v.
Worden, 130 F.3d 26, 31 (I st Cir. 1997) (stating that custom is demonstrated by showing "practice is so well settled
and widespread that the policymaking officials have either actual or constructive knowledge of it"); Sorlucco v. New
York City Police Dept., 971 F.2d 864, 871 (2d Cir. 1992) (stating that actions of subordinate employees may
constitute a custom if they "imply the constructive acquiescence of senior policy-making officials"); Brown v. City
of Fort Lauderdale, 923 F.2d 1474 (11th Cir. 1991) ("[A] longstanding and widespread practice is deemed authorized
by the policymaking officials because they must have known about it but failed to stop it.")
[38] Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996) (quoting Andrews v. City of Philadelphia, 895 F.2d
1469, 1480 (3d Cir. 1990)
[39] *See* Fletcher v. O'Donnell, 867 F.2d 791, 793 (3d Cir. 1989), *cert. denied*, 492 U.S. 919, 106 L. Ed. 2d 591, 109 S.
Ct. 3244 (1989)
[40] Plaintiffs' Amended Complaint, ¶28
[41] Id., ¶29
[42] Id., ¶31

responded then turned the investigation over to the Regional Force.[43]  No action was taken, and the contractor was allowed to continue to cause an unlawful nuisance.[44]

On multiple occasions, Kean was informed of this custom.[45]  At a West Donegal Township meeting on March 5, 2007, a private citizen advised Kean that the local police officers "will do anything to prevent Kean from getting elected to West Donegal Township Supervisor."[46]  On August 23, 2007, an Elizabethtown Borough police officer told Kean that Kean should have expected such retaliation from the police because Kean vocalized his opposition to the merger.[47]  A state police lieutenant advised Kean that "there would be retribution for [Kean] speaking out" against the merger."[48]

It was a well know custom or policy to harass Kean for his outspoken opposition to the merger.  The custom was accepted and allowed to continue.  The custom, on its own, violates Kean's First Amendment protections.  It was this custom or policy that led officers to refuse to respond to Kean's complaints and to unjustifiably stop his vehicle.  This is not the case of one officer acting alone.   This is the custom of multiple police departments to harass a private citizen in retaliation for his political views.

Mount Joy Township and West Donegal Township control the board of the Regional Police.[49]  As such, the actions of the Regional Police officers are attributable to these Defendants.  Kraus, the Chief of Police of the Regional Police and decision-maker, allowed the custom of harassment to continue.  Kraus' position of the Chief of Police, sued in his official capacity, extends liability to the Regional Police.  The extent that other police departments knew

---

[43] Id., ¶32
[44] Id., ¶33
[45] Plaintiffs' Amended Complaint, ¶48, 54-55
[46] Plaintiffs' Amended Complaint, ¶48
[47] Id., ¶54
[48] Id., ¶55
[49] http://www.northwestregionalpolice.org/

about the Regional Police's harassment of Kean shows the custom, and Kraus' knowledge and approval of the custom.

Plaintiffs have raised factual allegations of the policy and custom of Defendants to sustain a <u>Monell</u> claim.  This motion must fail.

### ii.  Plaintiffs have stated a cause of action for failure to train

Failure to adequately screen or train municipal employees can ordinarily be considered deliberate indifference only where the failure has caused a pattern of violations.[50]  If the policy or custom does not facially violate federal law, causation can be established only by "demonstrating that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences.[51]   The pattern of harassing Kean and failing to respond was more fully discussed above.

Here, the policy of harassing Kean due to his opposition to the merger violates Kean's First Amendment protections.  Further, Kean alleges deliberate indifference to the repeated refusal to respond to Kean's calls and the intentional stopping of Kean, without probable cause and outside of Henry's jurisdiction.

### b.  <u>Plaintiffs' claims against Elizabeth Borough are timely</u>

In Plaintiffs' Complaint, filed on February 9, 2009, named Elizabethtown Borough Police Department, Michael Lyons, Sr. (individually and in his official capacity), and Gordon Berlin (individually and in his official capacity).  Plaintiffs' Amended Complaint substituted Elizabethtown Borough for Elizabethtown Borough Police Department.

---

[50] See <u>Board of County Comm'rs of Bryan County v. Brown</u>, 520 U.S. 397, 404, 137 L. Ed. 2d 626, 117 S. Ct. 1382 (1997).
[51] <u>Berg v. County of Allegheny</u>, 219 F.3d 261, 276 (3d Cir. Pa. 2000)

"A suit against a government official in his or her official capacity is synonymous with a claim against the government entity itself."[52]  As such, Elizabethtown Borough was effectively brought into the matter under the Complaint.  Out of an abundance of caution, Plaintiffs sought to actually name the Borough in the amended complaint.  As such, there is no statute of limitations violation.

### c.   Plaintiffs' claims against individual officers are not redundant

A Rule 12(b)(6) motion does not address the redundancy of claims; it questions only their validity. Redundant claims may all be valid.[53]  Multiple defendants, whether corporate, municipal, or individual, are commonplace in leading § 1983 actions.[54]  As such, Plaintiffs' claims against the individual officers are proper.

### d.   Constitutional violations

To prevail on a civil rights claim a plaintiff must show that he was deprived of a constitutional right by a person acting under the color of state law.[55]  Defendants have not disputed that they were acting under color of state law.

The inquiry, then, is whether the plaintiff has been deprived of a constitutional right.[56] This is also record undisputed.

### i.   14th Amendment

Defendants claim that Kean has no claim under the 14th Amendment.  The 1st and 4th Amendments are made applicable to the states through the 14th Amendment.[57]  Kean's claim for

---

[52] D'Altilio v. Dover Twp., 2007 U.S. Dist. LEXIS 71414, *11 (M.D. Pa. Sept 26, 2007), citing Kentucky v. Graham, 472 U.S. 159, 165 (1985).
[53] Capresecco v. Jenkintown Borough, 261 F. Supp. 2d 319, 322 (E.D. Pa. 2003)
[54] Coffman v. Wilson Police Dep't, 739 F. Supp. 257 (E.D. Pa. 1990)
[55] 42 U.S.C. § 1983.
[56] See Baker v. McCollan, 443 U.S. 137, 140 (1979); Gibson v. Superintendent of N.J. Department of Law & Public Safety-Division of State Police, 411 F.3d 427, 433 (3d Cir. 2005).
[57] Feeney v. Powell, 2008 U.S. Dist. LEXIS 46916 (D.N.J. June 17, 2008)

retaliation, illegal seizure and detention have to be brought through the 14th Amendment, while being analyzed under the 4th Amendment.

Further, Kean asserts a 14th Amendment violation of due process.[58]  Defendants waived that argument as all motions must be accompanied by a memorandum of law with citations to authority[59].  Failure of a Motion to cite requisite authority renders those arguments waived.[60]

>    ii.   4th Amendment

>> 1.   Illegal seizure and detention

In order to prevail on a Fourth Amendment claim, Kean must prove that Defendants illegally seized Plaintiff and that seizure violated his reasonable expectation of privacy in an item or place.[61]  Temporary detention of an individual pursuant to the stop of a vehicle constitutes a seizure within the meaning of the Fourth Amendment.[62]  The decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."[63]

A seizure that is lawful at its inception can violate the Fourth Amendment if its manner of execution unreasonably infringes interests protected by the Constitution.[64] A seizure that is justified solely by the interest in issuing a warning ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission.[65]  Whether a

---

[58] Plaintiffs' Amended Complaint, ¶60
[59] L.R.Civ.P. 7.1(c); F.R.C.P. 7(b)(1).
[60] Goodman v. 1973 26 Foot Trojan-Vessel, 859 F.2d 71, 74 (C.A.8 (Ak) 1988)
[61] Kimmelman v. Morrison, 106 S.Ct. 2574, 477 U.S. 365 (1986) on remand 650 F.Supp. 801
[62] Whren v. United States, 517 U.S. 806, 809-10 (1996)
[63] Whren, supra
[64] Illinois v. Caballes, 543 U.S. 405, 407 (U.S. 2005), citing United States v. Jacobsen, 466 U.S. 109, 124, 80 L. Ed. 2d 85, 104 S. Ct. 1652 (1984)
[65] Caballes, supra

defendants' seizure of plaintiff was reasonable is a determination that must be made by a jury, or on summary judgment when more facts have been gathered.[66]

Here the initial stop was not lawful (only to harass Kean[67]) and the prolonged detention was also not lawful.  As no citation was given, and the detaining officers could not stated why Kean was being detained, the stop and detention were unlawful.

Kean's vehicle was stopped and detained by Henry, a member of the Regional Police. Henry did not have probable cause or an articulable reason for stopping Kean.  Kean's seizure and detention was continued by Lyons and Berlin, of the Elizabethtown Borough Police Department, after they arrived on the scene.  Despite repeated requests, Kean was not told why he was stopped.  The initial stop was a seizure and unlawful.  Berlin's and Lyons' continued detention of Kean was also a seizure.

These motions must fail.

### iii.   First Amendment – Right to be Protected from Retaliation

Kean asserts a 1st Amendment claim for Defendants retaliation.  To establish a claim for retaliation, plaintiffs must establish: (1) that he engaged in constitutionally-protected activity; (2) that the government responded with retaliation; and (3) that the protected activity caused the retaliation.[68]  Reasonable inferences drawn from the available evidence may be used to create the causal link for a retaliatory intent[69].

Kean, engaging in politically protected speech at a township meeting, opposed a merger that gave police officers pay increases.  Kean opposed the merger on multiple occasions, even doing so in local newspapers.  Responding to that speech, Henry verbally argued with Kean.

---

[66] Friedman v. Borgata Hotel, & Casino, Spa, 2009 U.S. Dist. LEXIS 29084 (D.N.J. Apr. 1, 2009)
[67] Plaintiffs' Amended Complaint, ¶44
[68] Eichenlaub v. Township of Indiana, 385 F.3d 274, 282 (3d Cir.2004)
[69] Meyer v. Board of County Com'rs of Harper County, Okla., 482 F.3d 1232 (10th Cir. 2007)

Following Kean's opposition to the merger, Regional Police failed to respond to Kean's calls. Even further than failing to respond, Regional Police have harassed Kean, ultimately stopping Kean without probable cause in another jurisdiction. Elizabethtown Borough actively participated in the harassment. Lyons and Berlin continued to detain Kean without probable cause. Lyon sent, and further prosecuted, a citation for careless driving without probable cause. The ongoing harassment from law enforcement is sufficient to deter a person of ordinary firmness from exercising his constitutional rights.

Kean has been told, on multiple occasions, by private citizens and law enforcement officers, that a custom exists to harass Kean. Rather than try to dispel the notion of retaliation, the law enforcement officers, one from Elizabethtown Borough, said that Kean should have expected it for his actions.

This motion must fail.

e. State law violations

As Plaintiffs have properly pleaded constitutional violations, this Court should retain jurisdiction of Plaintiffs' state law claims. Defendants properly assert the standards, but ignore the factual allegations in Kean's Amended Complaint.

i. *Malicious Prosecution*

Lyons cited Kean for careless driving, initiating the prosecution against him. The case was dismissed by the magisterial district justice. There was no probable cause to issue the citation. The citation was issued solely to continue to harass Kean. The motive to harass Kean stemmed from his opposition to the merger and the subsequent custom created by the Regional Police and furthered by Elizabethtown. The conspiracy to harass Kean makes all individual

defendants liable for the actions of others.  Allegations of conspiracy, themselves, create joint liability for what may otherwise be inapposite causes of action.[70]

### ii.   Intentional Infliction of Emotional Distress

In order to recover under intentional infliction of emotional distress, Plaintiffs must show that show that he suffered severe emotional distress as a result of conduct by a defendant which was "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."[71]  To establish a claim for intentional infliction of emotional distress, a plaintiff must show that the conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society."[72]  "Deplorable" conduct does not render it "outrageous" or "atrocious" for purposes of an intentional infliction claim.[73]

Plaintiffs must also demonstrate that a reasonable person would suffer severe emotional distress and also offer evidence that they did, in fact, suffer such distress.  Plaintiffs allege distress, which is sufficient for this motion.  Plaintiffs further allege that Defendants, police officers, intentionally conspired together and created a custom of harassing Kean in retaliation for his opposition to the Regional Force.  This conduct by law enforcement officers is outrageous and atrocious.

### iii.   False Imprisonment and False Arrest

---

[70] In re Lower Lake Erie Iron Ore Antitrust Litigation, 70 F.Supp 152 (E.D.Pa. 1989)
[71] Kazatsky v. King David Memorial Parki, Inc., 537 A.2d 988, 991 (Pa. 1987). See also Bedford v. Southeastern Pa. Transp. Auth., 867 F. Supp. 288, 297 (E.D. Pa. 1994); Daughen v. Fox, 539  A.2d 858, 861 (Pa. Super.), app. denied, 533 A.2d 967 (Pa. 1988).
[72] Hoy v. Angelone, 720 A.2d 745, 754 (Pa. 1998) (citations omitted).
[73] See Clark v. Township of Falls, 890 F.2d 611, 624 (3d Cir. 1989).

Kean was stopped, seized, and detained during the traffic stop without probable cause or any articulable reason. This stop, seizure, and detainment was effectuated by Henry, Lyons, and Berlin. Kean's unlawful stop and detention satisfies the requirements for false arrest and imprisonment under Pennsylvania's law.

### iv.   Conspiracy/Aiding and Abetting

Plaintiffs aver that Defendants conspired in the harassment of Kean. Henry enlisted the help of Berlin and Lyons to seize and detain Kean, without probable cause or articulable reason. This was an overt act by Henry, Lyons and Berlin. Lyons further demonstrated the conspiracy through his citation. There was no probable cause for the citation, yet in furtherance of the conspiracy Lyons mailed it. There is a further agreement between law enforcement to harass Kean. Kean learned of this agreement from other law enforcement officers. This common scheme caused Kean's detention and malicious prosecution.

### v.   Loss of Consortium

As stated above, Kean has stated a claim under state law for malicious prosecution, false arrest and detention, intentional infliction of emotional distress, and conspiracy. As such, Linda Kean's claim for loss of consortium states a cause of action.

## IV.   Conclusion

For the reasons set forth above, Defendants fail to prove that Plaintiffs' Amended Complaint is not factually supported. To the contrary, Plaintiffs' Amended Complaint contains sufficient factual averments to allow Defendants to respond. As such, Plaintiffs respectfully request that this Court deny Defendants' Motions to Dismiss.

BY:   /s/ Rebecca M. Steiger
MATTHEW B. WEISBERG
REBECCA M. STEIGER
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Earl Kean & Linda Kean, | : | |
| Individually & as H/W | : | |
| 231 Dogwood Drive | : | |
| Elizabethtown, PA 17022 | : | |
| | : | CIVIL ACTION NO.:  5:09-cv-00567 |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| County of Lancaster | : | Jury of Twelve (12) Jurors Demanded |
| | : | |
| Defendants | : | |

CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 15th of July, 2009, a true and correct copy of the foregoing Response to Defendants' Motions to Dismiss was served via ECF, upon the following parties:

Eric M. Brown, Esq.
Christopher P. Gerber, Esq.
Siana Bellwoar & Mcandrew, LLP
941 Pottstown Pike
Suite 200
Chester Springs, PA 19425

Frank J. Lavery, Jr., Esq.
James D. Young, Esq.
Lavery Faherty Young & Patterson, P.C.
225 Market Street
Suite 304
Harrisburg, PA 17101

Kathleen M. Carson, Esq.
Swartz Cambell and Detweiler
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316

John Flounlacker, Esq.
Thomas, Thomas & Hafer
305 North Front Street
P.O. Box 999
Harrisburg, PA 17101

                                    PROCHNIAK WEISBERG, P.C.


                                    /s/ Matthew B. Weisberg
                                    MATTHEW B. WEISBERG
                                    Attorneys for Plaintiffs