**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Earl Kean & Linda Kean, : | |
| Individually & as H/W : | |
| 231 Dogwood Drive : | |
| Elizabethtown, PA 17022 : | |
| : | CIVIL ACTION NO.:  09-0567 |
| Plaintiffs, : | |
| v. : | |
| : | Jury of Twelve (12) Jurors Demanded |
| Elizabethtown Borough, et al : | |
| 600 South Hanover Street : | |
| Elizabethtown, PA 17022 : | |
| : | |
| Defendants. : | |

**OMNIBUS REBUTTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Elizabethtown raises the Statute of Limitations.

Notwithstanding that this entity was juridically timely named via the original complaint (*see*, Response in Opposition), the Amended Complaint's effective date is the date the original Complaint was filed.  FRCP 15(c)(1).[1]  The Complaint alleges individually actionable civil rights violative misconduct within the two (2) year statute of limitations.  Moreover, Plaintiff alleges a continuing violation.[2] (*see*, Amended Complaint, ¶59, et al).  Further, Plaintiff's discovery was not until, at the earliest, August 23, 2007.[3]  (Id., at ¶54).

---

[1] Which Defendant does not even reference, thus waived.

[2] "The application of the continuing violations theory may be appropriate in cases in which a plaintiff can demonstrate that the defendant's allegedly wrongful conduct was part of a practice or pattern of conduct in which he engaged both without and within the limitations period." McAleese v. Brennan, 483 F.3d 206 (C.A.3 (Pa.) 2007) (citing West v. Philadelphia Elec. Co., 45 F.3d 744, 754 (3d Cir.1995).

[3] State tolling principals are used when a Federal Court applies a state statute of limitations.  Calle v. York Hosp., 232 F.Supp.2d 353 (M.D.Pa 2002).  Pennsylvania recognizes a "Discovery Rule" exception to the Statute of Limitations.  Wise v. Mortgage Lender Network USA, Inc., 420 F.Supp.2d 389, 395 (E.D.PA 2006); McCauley v. Owens-Corning Fiberglass Corp., 715 A.2d 1125 (Pa.Super. 1998), *reargument denied.*

In any event, the statute of limitations is not appropriate upon a 12(b)(6) analysis, especially not under these facts and complex theories.[4]

As to Monell, Elizabethtown improperly attempts to parse the Amended Complaint- forgetting, among others, that the 12(b)(6) standard requires all reasonable inferences be drawn in favor of Plaintiff.  Regardless that Monell is well-pleaded on the face of the complaint, the application of the appropriate standard renders Defendant's motion disingenuous.

However, if this Honorable Court holds Plaintiff's pleading in any way deficient, the Third Circuit directs that leave towards a curative amended pleading be granted.[5]

Wherefore, Defendants' Motions should be denied.

BY:   /s/ Matthew B. Weisberg  
MATTHEW B. WEISBERG  
REBECCA M. STEIGER  
Attorneys for Plaintiffs

---

[4] The statute of limitations is an affirmative defense which, if not raised, is waived. U.S. v. Karlin, 789 F.2d 90 (C.A. 3 (N.J.) 1986). Whether the Discovery Rule or Equitable Tolling, the Statute of Limitations by necessary implication creates an issue of fact improper upon a Motion to Dismiss.  See generally, In re MacGregor Sporting Goods, Inc., 199 B.R. 205 (D.N.J. 1995).

[5] The Court should freely give leave to amend a Complaint "when justice so requires."  FRCP 15(a)(2). The Court should grant Plaintiffs leave to amend their Complaint unless futile or prejudicial *even if not requested*. Adams v Gould, Inc., 739 F.2d 858, 868-870 (C.A.3 1984); Arthur V. Maersk, Inc., 434 F.3d 196, 204-2017 (C.A.3 2006); Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (C.A.3 1993).  "Prejudice" is often used as a misnomer – *prejudice* is not defined by the requirement of ongoing litigation or defense but instead results from an inability to defend. Id.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Earl Kean & Linda Kean, : | |
| Individually & as H/W : | |
| 231 Dogwood Drive : | |
| Elizabethtown, PA 17022 : | |
| : | CIVIL ACTION NO.: 5:09-cv-00567 |
| Plaintiffs : | |
| v. : | |
| : | |
| County of Lancaster : | Jury of Twelve (12) Jurors Demanded |
| : | |
| Defendants : | |

CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 1st of September, 2009, a true and correct copy of the foregoing Reply to Defendants' Motions to Dismiss was served via ECF, upon the following parties:

Eric M. Brown, Esq.
Christopher P. Gerber, Esq.
Siana Bellwoar & Mcandrew, LLP
941 Pottstown Pike
Suite 200
Chester Springs, PA 19425

Frank J. Lavery, Jr., Esq.
James D. Young, Esq.
Lavery Faherty Young & Patterson, P.C.
225 Market Street
Suite 304
Harrisburg, PA 17101

Kathleen M. Carson, Esq.
Swartz Cambell and Detweiler
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316

John Flounlacker, Esq.
Thomas, Thomas & Hafer
305 North Front Street
P.O. Box 999
Harrisburg, PA 17101

                                        PROCHNIAK WEISBERG, P.C.

                                        <u>/s/ Matthew B. Weisberg</u>
                                        MATTHEW B. WEISBERG
                                        Attorneys for Plaintiffs