IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EARL KEAN and<br>LINDA KEAN, | : | CIVIL ACTION |
| Plaintiffs, | : | NO. 09-0567 |
| v. | : | |
| COUNTY OF LANCASTER, et al. | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 27th day of September, 2010, upon the filing of (1) Motions to Dismiss by Defendants Gordon Berlin, Michael Lyons, and Borough of Elizabethtown (Dkt. Nos. 28, 33 and 36, respectively); and (2) a Motion to Partially Dismiss by Defendants West Donegal Township, Mount Joy Township, Kenneth Henry and Charles Kraus, III (Dkt. No. 32) (collectively, "Defendants' Motions to Dismiss"), and upon consideration of Plaintiffs' "alternative [motion] to allow an amended pleading" (Dkt. No. 37 at 9), it is hereby ORDERED as followed:

1. Defendants' Motions to Dismiss are DENIED WITHOUT PREJUDICE;

2. Plaintiffs are granted leave to file a Second Amended Complaint on or before October 27, 2010.  *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) ("[D]istrict courts must offer amendment–irrespective of whether it is requested–when dismissing a [civil rights] case for failure to state a claim unless doing so would be inequitable or

        futile.");[1]

3.      Should Plaintiffs fail to file a Second Amended Complaint within the allowed time period, Defendants may renew their Motions to Dismiss on the basis of the current First Amended Complaint (Dkt. No. 27).[2]

BY THE COURT:

/s/ C. Darnell Jones, II
C. DARNELL JONES, II    J.

---

[1] While Plaintiffs' brief in opposition to Defendants' Motions to Dismiss requests leave to file a Second Amended Complaint, Plaintiffs do not attached a proposed Second Amended Complaint to their opposition brief. For a non-civil rights case, "the settled rule is that properly requesting leave to amend a complaint requires submitting a draft amended complaint." *Fletcher-Harlee Corp.*, 482 F.3d 247 at 253-54. Even in a civil rights case such as this, however, the Court notes that it is better practice for a plaintiff to attach a proposed amended complaint when seeking leave to amend. *See Centifanti v. Nix*, 865 F.2d 1422 (3d Cir. 1989) ("courts should not be expected to wade through the pleadings to sort the wheat from the chaff, and essentially, do the work of the parties' counsel;" the court may determine whether to grant leave "more effectively and quickly if it has before it a copy of the proposed amendment"); *see also Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (court may deny request for leave to amend if movant fails to provide draft amended complaint).

[2] The Court is aware that Plaintiffs have already amended their Complaint once, but retains the discretion to allow Plaintiffs to amend again here. *See Griffin-El v. Beard*, No. 06-2719, 2009 WL 1229599, at *4 (E.D. Pa. Apr. 30, 2009) ("The Court is not aware of any precedent which limits the amendment rule where a plaintiff has already filed one amended complaint.")